SAMUEL C. SMITH *vs.* CHARLES W. EVERETT.

Suffolk.   March 28, 1878. — Feb. 26, 1879.   COLT & MORTON, JJ., absent.

If a person, by false and fraudulent representations as to the extent of his business, induces another to enter into partnership with him for a definite period, a court of equity has jurisdiction to order the partnership articles to be cancelled, and to restrain the former from using the name of the latter as a partner; and, having obtained jurisdiction for that purpose, may administer complete relief in the same suit by ordering the former to pay the sums advanced or expended by the latter on account of the partnership.

BILL IN EQUITY, filed June 14, 1877, alleging that, in response to an advertisement inserted by the defendant in a Boston newspaper, stating that a partner in business was wanted with a capital of $5000, the plaintiff, being then out of business, and desirous of some employment, called upon the defendant for the purpose of making inquiries as to the advertisement; that at that and subsequent interviews respecting the business, the

defendant represented to the plaintiff, that the business in which he desired a partner was the manufacture and sale of an article called starchene, or perfumed starch enamel, that the same was valuable, and would prove very profitable to the plaintiff if he entered into it, that the defendant had an established business in Boston, in the sale of the starchene, of fifteen gross bottles per week, that the same would continue and largely increase, that he had sold sixty gross of the same in New York, and had an established agency there and also in Albany, and that the business in these cities was well established and prosperous; that, by these representations, the defendant gained the confidence of the plaintiff, and finally induced him to abandon plans which he had entertained, and had communicated to the defendant, of undertaking other business, and to enter into a partnership with him for the manufacture and sale of starchene, and to pay the defendant the sum of $2000 for one half interest, so called, in said business, and to enter into articles of copartnership for the term of one year; that the plaintiff paid to the defendant the sum of $2000 in cash for one half interest in said business; that the plaintiff had no means of ascertaining about the business, and the knowledge of the same and of its value was peculiarly in the defendant; that the plaintiff, by the necessity of the case, was obliged, and was induced by the defendant, to rely on these representations; that all the above representations and statements of the defendant were false and fraudulent, and the defendant knew them to be so.

The prayer of the bill was that the articles of copartnership might be cancelled; that an account be taken of the amount paid by the plaintiff to the defendant, and his outlays in said business; that the defendant might be decreed to repay the same to the plaintiff; that the defendant might be restrained by injunction from using the name of the plaintiff in said business, and for general relief.

The defendant demurred to the bill, assigning the following grounds of demurrer: 1. That the plaintiff had a plain, adequate and complete remedy at common law. 2. Multifariousness. 3. Want of equity.

Hearing before *Endicott,* J., who overruled the demurrer, and the defendant appealed to the full court.

*C. J. Noyes*, for the defendant.

*P. West & J. M. Gould*, for the plaintiff.

GRAY, C. J. Upon the allegations in the bill, which are admitted by the demurrer, the defendant, by false and fraudulent representations as to the extent of his business, induced the plaintiff to enter into a partnership with him for a definite period, which would make the plaintiff liable to creditors as a partner. Against such liability by reason of the defendant's fraud, a court of law could afford the plaintiff no adequate remedy. Equity has therefore jurisdiction to order the partnership articles to be cancelled, and to restrain the defendant from using the plaintiff's name as a partner; and, having obtained jurisdiction for that purpose, may administer complete relief in the same suit, by ordering the defendant to repay the sums advanced or expended by the plaintiff on account of the partnership. *Pillans* v. *Harkness*, Colles, 442. *Ex parte Broome*, 1 Rose, 69. *Rawlins* v. *Wickham*, 3 DeG. & J. 304. *Jauncey* v. *Knowles*, 29 L. J. (N. S.) Ch. 95. Story Part. §§ 232, 285. *Decree affirmed.*