GUSTAF A. HOLST *vs.* JOSEPH I. STEWART & another.

Suffolk.    March 4, 1891. — October 23, 1891.

Present: FIELD, C. J., HOLMES, KNOWLTON, MORTON, & LATHROP, JJ.

*Deceit — False Representations — Pleading.*

In an action of deceit, it is not enough to allege a false representation, but in some form it should be alleged that the representation was fraudulently made.

Under a declaration for false representations, not alleged to have been made *scienter* or upon the defendant's personal knowledge, evidence that the defendant made the representations in question is immaterial.

TORT, against Joseph I. Stewart and Ezra F. Pratt, for false representations, with a count in contract.    Trial in the Superior Court, before *Blodgett,* J., who, after a verdict for the plaintiff, allowed a bill of exceptions, the substance of which appears in the opinion.

*B. C. Moulton,* for Pratt.

*H. L. Boutwell,* for Stewart.

*F. A. Perry,* for the plaintiff.

LATHROP, J.    The declaration in this case contains three counts, the first two of which are for distinct torts.    The third count is in contract, for money had and received, and apparently applies to the cause of action set forth in the first count.    A general demurrer was filed to the first two counts, which was overruled in the Superior Court, and the defendants appealed to this court. The case was then tried in the Superior Court. The judge ruled that the plaintiff could not maintain his action on the first and third counts, to which ruling no exception was taken by the plaintiff; the case was submitted to the jury on the second count; a verdict was returned for the plaintiff, and the defendants excepted to the refusal of the judge to give certain instructions requested.

In this position of the case it does not appear to us to be necessary to decide whether the first and third counts set forth a good cause of action, and we confine ourselves to the second count, and to the defendants' exceptions.

The second count alleges, in substance, that the plaintiff bought of one Saunders a tenement and lot of land in North

Stoughton ; that the defendants, to induce the plaintiff to pur-
chase the same, "falsely represented to the plaintiff that the
railroad trains took aboard passengers at and left the depot in
North Stoughton, nearest to" said tenement and lot, "for Bos-
ton every week day at 5.50 of the clock in the morning, and
lots of trains out from Boston, which would stop at North
Stoughton in the evening"; that the plaintiff, believing the
representations to be true, was thereby induced to purchase
said tenement and lot of land ; that the representations were
untrue; and that the plaintiff was prevented from getting to
and from his work in Boston without great additional expense
and loss of time, and was compelled to keep a horse and wagon
therefor.

The principal objection to the declaration is, that it does not
allege that the representations were fraudulently made.  Fraud
is undoubtedly the gist of the action.  It is not enough to allege
a false representation, but in some form it should be alleged that
the representation was fraudulently made.  *Pearson* v. *Howe*, 1
Allen, 207.  *Hartford Ins. Co.* v. *Matthews*, 102 Mass. 221.

The plaintiff relies upon the case of *Litchfield* v. *Hutchinson*,
117 Mass. 195, in support of his contention that the declaration
in the case at bar is sufficient.  No question, however, was raised
in that case as to the form of the declaration, and, although the
declaration did not use the word "fraudulently," it alleged that
the representations were false, and knowledge of this fact on the
part of the defendant.

The demurrer to the second count should therefore have been
sustained.

At the trial, the plaintiff offered evidence that one of the de-
fendants made the representations set forth in the declaration.
The defendants objected to the admission of this evidence, on
the ground that such representations were immaterial, because
not alleged to have been made *scienter*, or upon the defendants'
personal knowledge.  The court ruled that such allegations were
unnecessary, and admitted the evidence, and the defendants
excepted.

For the reasons above stated, we are of opinion that this
ruling was wrong ; and that the evidence was immaterial, as
the declaration stood.

We need not consider the other exceptions. They depend upon the character of the evidence, which may not be the same if the case should be tried again.

*Exceptions sustained.*