GUSTAVUS C. KILGORE & another *vs.* GEORGE A. BRUCE.

Suffolk.   March 17, 1896. — May 21, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Promissory Note — Fraudulent Representations — Action — Defence — Recoupment — Pleading — Effect of Fraud of one Payee in Joint Action.*

The maker of a promissory note given in payment for shares of stock in a corporation may avail himself, in defence to an action on the note by the payee, of false and fraudulent representations, inducing the sale, of the payee, who had all the stock of the corporation in his hands for sale and was negotiating at the same time with the defendant and with A. and B. to sell a part to each, that all the stock (of which all or none was to be sold) which he was selling to either of them was being sold for the same price, which was stated, and that this was the price which B. in particular was paying, such statements being made in answer to specific questions put by the defendant, who told the plaintiff that he would not make the purchase unless these were the facts; and such defence is not cut off by the fact that the shares were worth what the defendant agreed to pay for them.

In an action by the payee against the maker of a promissory note given in payment for shares of stock in a corporation, if it appears that the plaintiff, who had all the stock of the corporation in his hands for sale and was negotiating at the same time with the defendant and with A. and B. to sell a part to each, falsely and fraudulently represented to the defendant, who was induced by such representations to buy, that all the stock (of which all or none was to be sold) which he was selling to either of them was being sold for the same price, which was stated, and that this was the price which B. in particular was paying, such statements being made in answer to specific questions put by the defendant, who told the plaintiff that he would not make the purchase unless these were the facts, the defendant is entitled to recoup the difference between what he paid for the shares and the price paid by B.; and an answer, which does not set forth in express terms that the defendant would have been able to buy the shares of the plaintiff at the same price that B. was to pay, but which shows that the difference between the two prices was what he claimed the right to recoup, is sufficient.

Fraud of one of two payees of a promissory note, in the sale of stock for the price of which the note was given, may be availed of in defence to an action on the note by the payees jointly against the maker.

CONTRACT, by Gustavus C. Kilgore and Everard A. Wilson, copartners as Kilgore and Wilson, upon a promissory note for $10,000, dated July 18, 1892, payable in one year after date to the plaintiffs, and signed by the defendant. The answer alleged that the note was given in part payment for fifty shares of stock in the Dana Sarsaparilla Company; and that the purchase of such shares was induced by the false and fraudulent representations of the plaintiffs. Trial in the Superior Court, without a jury, before *Sheldon,* J., who found for the defendant, and reported the case for the determination of this court. The facts appear in the opinion.

*L. D. Brandeis,* (*E. R. Thayer* with him,) for the plaintiffs.

*S. J. Elder & E. A. Whitman,* for the defendant.

ALLEN J. The plaintiffs contend, in the first place, that the alleged misrepresentations were not available in defence, because they were merely promissory in their character, and because they amounted to no more than dealers' talk, which the law cannot take notice of.

According to the report, the plaintiff Kilgore had all of the shares of the company in his hands for sale, and was negotiating at the same time with the defendant, with West, and with Whitney, to sell a part of them to each. He told the defendant that all the stock should be sold or none; and falsely and fraudulently represented that all the stock he was selling to either of

the three purchasers was being sold for the same price, to wit, $1,400 a share, and that this was the price which Whitney in especial was paying. These representations were made in answer to specific questions put by the defendant, who told Kilgore that he would not make the purchase unless these were the facts. Being induced thereby, the defendant accordingly took fifty shares, at $1,400 a share; but Kilgore had in fact already secretly agreed to sell sixty-one shares to Whitney at $1,221.42 a share, which agreement was carried out. The separate sales to the defendant, to Whitney, and to West were all consummated at about the same time; it is not stated in what order they were made. Nor is this material. In effect, they were contemporaneous. All these sales were to be made, or none. There is no room, therefore, for the suggestion that the representations of Kilgore to the defendant were merely promissory in their character, and we have no occasion to consider the question whether the defendant would be able to avail himself of them in defence, under his answer, if they were merely promissory. They were misrepresentations as to what the plaintiff Kilgore was doing at the very time when he was negotiating with the defendant.

Nor do they fall within the class of such lying talk as dealers may indulge in with legal impunity. We have recently intimated our disinclination to extend this impunity further than is established by existing decisions. *Way* v. *Ryther*, 165 Mass. 226. Misrepresentations as to the price paid by a third person, or as to the selling price, have heretofore been held actionable or indictable. *Manning* v. *Albee*, 11 Allen, 520. *Belcher* v. *Costello*, 122 Mass. 189. *Commonwealth* v. *Wood*, 142 Mass. 459. *Fairchild* v. *McMahon*, 139 N. Y. 290. Falsehood as to rents received is similar in principle. *Brown* v. *Castles*, 11 Cush. 348, 350. False statements as to market value may not be actionable if made to an experienced dealer in the article spoken of. *Lilienthal* v. *Suffolk Brewing Co.* 154 Mass. 185. *Graffenstein* v. *Epstein*, 23 Kans. 443. But it is otherwise if they are made to an unskilled person. *Dawe* v. *Morris*, 149 Mass. 188, 191. The statements of Kilgore were equivalent to representations that Whitney was paying $1,400 a share for his part of the stock. This was a material fact in the mind of the defendant, and Kilgore knew that it was. The defendant may avail himself of such a false

and fraudulent statement in defence. See *Smith* v. *Smith*, 166 Penn. St. 563.

Nor is the defendant cut off from this defence by the fact that the shares were worth what he agreed to pay for them. Ordinarily, in case of a sale procured by the vendor's deceit, the measure of damages is the difference between the actual value of the property at the time of the purchase and its value if the property had been what it was represented or warranted to be. *Morse* v. *Hutchins*, 102 Mass. 439. That rule is not applicable in the present case. There were no misrepresentations here as to the character or probable productive power of the things sold ; but the purchaser was led by fraud to give more than the vendor would have been willing to accept, rather than lose the sale. In such a case the purchaser is injured, not by being led into a bargain which is bad in itself, but by being led into a bargain which is less favorable than he might and otherwise would have obtained.

If A. has a piece of property which he is willing to sell for $5,000 if he can get no more, and if B. is willing to pay $10,000 for it if he can get it for no less, and it is put up at auction, and B. bids $5,000, and there is no genuine bid above that sum, but by A.'s by-bidding the price is run up so that the property is finally struck off to B. at $10,000, and he pays that sum and takes the property, it is plain that he has lost $5,000 by the fraud of A., and this is the sum which he can recover in an action against A. for the fraud. See *Veazie* v. *Williams*, 8 How 134, 157. The same principle is applicable here. In order to do justice between the parties, the defendant should be allowed to deduct from his note whatever additional sum he was led to agree to pay, by means of the fraud of Kilgore, above that for which he could and would otherwise have got the property. The rule of damages is to be such as will be just, under the circumstances of the particular case. *Nash* v. *Minnesota Title Ins. & Trust Co.* 163 Mass. 574. *Crater* v. *Binninger*, 4 Vroom, 513, 516, 522.

The plaintiffs contend that the defendant thus obtains special damages, to which he is not entitled for want of proper pleadings. The answer sets forth that the plaintiffs fraudulently represented that Whitney had agreed to buy at $1,400 a share,

and that the defendant would be paying the same price that Whitney paid; that the defendant was induced thereby to make the purchase at said price, to his great injury and damage; that they had agreed with Whitney to let him have about sixty shares, for which he was to pay about $1,200 a share; and that the defendant claimed to recoup for said fraudulent representations the sum of $10,000. The answer further sets forth that the plaintiffs promised him that, if he would purchase, etc., he should have the shares at a price as low as that paid by any other person; that Whitney purchased shares for about $200 a share less than the price paid by the defendant, and that the defendant was entitled to recoup, etc. The answer did not set forth in express terms that the defendant would himself have been able to buy the shares of Kilgore at the same price that Whitney was to pay; but it did show that the difference between the two prices was what he claimed the right to recoup. This was sufficient. The plaintiffs could not have failed to understand what the defendant claimed.

The plaintiffs also contend that there was no evidence upon which the court was warranted in finding that, but for said representations, the defendant would have bought his stock of Kilgore for $1,221.42 a share, and that Kilgore would have sold the same to him for that price. An examination of the evidence reported does not enable us to sustain this contention. There was evidence tending to show that Kilgore would probably have been willing to sell the whole stock to Whitney at that rate shortly before the negotiations with the defendant and West, which opened the opportunity for him to get more.

Finally, it is urged that, even if the defendant established his claim as against Kilgore, it could not be made the basis of a recoupment in this action, which is brought by Kilgore and Wilson. But in suing upon the note both plaintiffs must bear the responsibility for Kilgore's fraud. This consequence follows from their joint interest as partners. *White* v. *Sawyer*, 16 Gray, 586. *Locke* v. *Stearns*, 1 Met. 560. By joining in the action with Kilgore, Wilson must assume responsibility for Kilgore's fraud. *Homer* v. *Wood*, 11 Cush. 62. *Farley* v. *Lovell*, 103 Mass. 387. *Locke* v. *Lewis*, 124 Mass. 1, 16. *Brickett* v. *Downs*, 163 Mass. 70. Moreover, in the case of an ordinary agency, if a

vendor sues for the price of goods sold by his agent, the purchaser is entitled to be allowed for a loss sustained by reason of the agent's fraud or breach of warranty. *Churchill* v. *Palmer*, 115 Mass. 310, 323. *Fairchild* v. *McMahon*, 139 N. Y. 290. *Mundorff* v. *Wickersham*, 63 Penn. St. 87. *French* v. *Ryan*, 104 Mich. 625. *Cochran* v. *Chitwood*, 59 Ill. 53. *Knappen* v. *Freeman*, 47 Minn. 491. *Judgment for the defendant.*