FREDERICK W. BROWN *vs.* C. A. PIERCE AND COMPANY, INCORPORATED.

Middlesex.     November 12, 1917. — January 2, 1918.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Deceit. Actionable Tort. Contract,* Implied in law.

An assurance, that by putting $300 into a "voting contest" the person to whom the statement is addressed will "win the automobile and also the grafonola that was put up as a special prize," is not a statement by words or conduct of present

or past material facts, but is a mere promise or conjecture as to future events and, if the prophecy is proved to have been a false one made with the intention to deceive and to have been relied upon, this does not give a right of action in tort for deceit.

In an action of contract for money had and received to recover the amount of a sum of money entrusted to the defendant to put into a "voting contest" on the ground that the plaintiff was induced to part with the money by misrepresentations made to him by the defendant, if it appears that the alleged misrepresentations did not relate to facts but to conjectures as to future events and would not give a cause of action in tort for deceit, the plaintiff cannot recover.

CONTRACT OR TORT, the declaration containing three counts as described in the opinion. Writ dated May 20, 1914.

The defendant demurred to the declaration.. The demurrer was heard by *McLaughlin,* J., who made an order overruling it.

Later the case was tried before *Hitchcock,* J. At the close of the evidence, which is described in the opinion, the defendant asked the judge to order a verdict for it. This the judge refused to do, and he "submitted to the jury under appropriate instructions to which no exceptions were taken other than . . . to the refusal to direct a verdict for the defendant" three questions, which with the answers to them were as follows:

"1. Was Barry acting as agent of the defendant company, and engaged in the prosecution of its business in endeavoring to induce the plaintiff to obtain additional subscriptions for the newspaper published by the defendant?" The jury answered, "Yes."

"2. In endeavoring to induce the plaintiff to obtain additional subscriptions for the newspaper published by the defendant company, did Barry make to the plaintiff any representations as to existing facts, which were false, and which Barry knew to be false, with the intention that the plaintiff should act thereon as if they were true?" The jury answered, "Yes."

"3. Did the plaintiff act upon false representations made by Barry as he would not have done had he known them to be false?" The jury answered, "Yes."

The jury returned a general verdict for the plaintiff in the sum of $595.30; and the defendant alleged exceptions.

*F. M. Forbush,* for the defendant.

*J. W. Pickering,* for the plaintiff, submitted a brief.

PIERCE, J. This is an action of contract or tort. The declaration is in three counts: the first count alleges that the defendant

through its agent, one Barry, made certain false representations which were intended to induce and did in fact lead the plaintiff to expend money in the purchase of subscriptions to a paper published by the defendant under the terms of a "voting contest;" the second count alleges that the defendant through its officers and agents conspired with sundry persons to cheat and defraud the plaintiff by means of the false representations set out in the first count and incorporated in the second count by reference thereto; the third count is an action for money had and received to the plaintiff's use. Counts one and two are alleged to be for the same cause of action, and count three "for a part of the same cause of action."

At the trial there was no evidence to warrant the allegations of the second count to the effect that the defendant by its officers and agents wrongfully conspired with sundry persons to cheat and defraud the plaintiff by means of the same representations set out in the first count. The second count therefore may be disregarded, and we proceed to a consideration of the testimony introduced in proof of the allegations contained in the first and third counts.

The evidence was sufficient to establish the agency of both Monger and Barry, should the jury believe that the "Memorandum of Agreement" was not intended to express the real agreement between the parties, but was to be a cloak or shield to protect the defendant from actions that might arise from the wrongful conduct of its agents and servants. The jury expressly found that Barry was the agent of the defendant, and it could have been found upon the testimony that Barry, to induce the plaintiff to put his money into the "voting contest," stated to the plaintiff and to the wife of the plaintiff in the presence of the plaintiff, "that the contestants was losing interest in it and it was going to be a failure;" that "they had bought all these prizes and could n't afford to give them away; . . . that somebody had got to put some money into it so they could get out of it; . . . that anybody would be a fool if they had a chance to get an automobile for $300 and wouldn't accept the chance;" that "if I [the plaintiff] would give him a check for $300 that night that I would win the automobile and also the grafonola that was put up as a special prize." The jury could further find that the plaintiff put $300 and after-

wards $240 into the contest in reliance upon the above statements of Barry, and particularly and specifically upon the statement that if he, the plaintiff, would give him, Barry, a check that night, he, the plaintiff, would win the automobile and the grafonola.

There was evidence to warrant a finding that one Monger, who had the management of the contest and who could have been found to have been the agent of the defendant, and one C. A. Pierce, the treasurer and manager of the defendant corporation, each had knowledge of the statements of Barry to the plaintiff before the $300 and the $240 were paid. There was no evidence of the untruth or falsity of the statement "that the contestants was losing interest in it and it was going to be a failure." The remaining statements were not of existing facts. They were at most words of intention or prophecy.

In the law of torts, the wrong of deceit consists in the false statement by words or conduct of present or past material facts, and does not consist of mere promises or conjectures as to future acts or events. *Knowlton* v. *Keenan,* 146 Mass. 86. *Dawe* v. *Morris,* 149 Mass. 188. It is plain the plaintiff was not entitled to recover on the counts in tort.

Nor can there be any recovery on the count in contract, which proceeds on the footing of a rescission of the contract which the plaintiff alleges he was induced to make by the misrepresentations set out in the count in tort. *McCusker* v. *Geiger,* 195 Mass. 46.

It follows that the motion to direct a verdict for the defendant should have been granted, and it is unnecessary to determine whether the demurrer was overruled rightly.

The exceptions must be sustained and judgment entered for the defendant. St. 1909, c. 236.

*So ordered.*