ROSE A. M. MIGNAULT *vs.* ALBERT GOLDMAN.
SAME *vs.* ANNIE GOLDMAN.

Essex. October 20, 21, 1919. — November 28, 1919.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Deceit. Negligence,* Of plaintiff in action of tort for deceit. *Agency,* Existence of relation, Agent's knowledge imputed to principal. *Broker.*

A representation, made by the owner of real estate to a prospective purchaser to induce a sale, that a tenant on the premises was paying rent at the rate of $25 a month, when in fact he was paying $18 a month, is a false representation of a material fact, and the purchaser, if he acts upon it without knowledge of its falsity, can maintain against the owner an action of tort for deceit.

An action of tort for deceit may be maintained by a purchaser of real estate against the seller, if it appears that, to induce the sale, the seller represented to the purchaser that the income from the property was sufficient to pay the interest on mortgages and the fixed charges, and to give to the purchaser an income of $800 per year, that the representation was false, and that the purchaser would not have bought the property if she had known of such falsity.

At the trial of the action above described, it appeared that the real estate in question was in Salem, that the plaintiff was a woman, that she formerly had owned property in Beverly and that she was without experience in real estate matters. She testified that she did not compute the rents and income which the defendant represented she would receive from the real estate, nor the amount of the taxes, mortgage interest and other expenses, but relied on the defendant's statement above described. *Held*, that under the circumstances it could not be ruled that the statement of the defendant as to the net income from the premises was so obviously false that the plaintiff had no right to rely on it, but that the question, whether the plaintiff was guilty of neglect of such a character as to bar recovery, was for the jury.

At the trial of the action above described, it further appeared that the plaintiff, when on the premises before agreeing to purchase, noticed that the foundations were badly built, that the paper in the front hall was torn and that one of the piazza posts was supported by a board. The defendant, upon his attention being called to these matters, stated that the contractors had not finished their work and promised to have it properly done, and represented that the premises were in very good condition except in a few details which remained to be finished. It also appeared that, in a contract in writing for the sale, it was agreed between the plaintiff and the defendant that the defendant would complete the unfinished work on the house. There also was evidence that the floors were only a "quarter nailed," that the windows had to be repaired to keep them from falling out, that the doors had settled because there was no foundation under them, and that some of the spouts or conduits were held in place by wire. *Held*, that the misrepresentation, that the premises were in very good condition except in a few details, was a misrepresentation of fact and was not an expression of opinion, and that failure of the plaintiff to make an investigation to discover the defects she did not see did not preclude her from recovery.

In the action above described it appeared that the real estate being sold included a house having two tenements and that both tenements were vacant. There was evidence, which was admitted without objection, that the defendant represented to the plaintiff that only one of the tenements was vacant and that, previous to the plaintiff inspecting the premises, the defendant "put a few pieces of furniture" in one of the tenements, "and they had moved them at night." *Held*, that it was for the jury to determine as to the truth or falsity of the representation of the defendant and as to the liability of the defendant therefor.

At the trial of the action above described, there was evidence that a certain real estate broker was the plaintiff's agent in the transaction and that he knew of the falsity of the representations by the defendant. It also appeared that the broker received a sum of money from the defendant as a commission, which he shared with another broker, who was acting as the defendant's agent. There was no evidence that the plaintiff knew that the first broker was acting for the defendant. *Held*, that it could not be ruled as a matter of law that the first broker was the plaintiff's agent and that she was bound by his knowledge.

TWO ACTIONS OF TORT for deceit inducing the plaintiff to purchase certain real estate in Salem. Writs dated November 20, 1913, and January 5, 1914.

In the Superior Court the actions were tried together before *Hitchcock,* J. The real estate in question comprised three three-apartment houses on Forest Avenue and three two-apartment houses on Ocean Terrace in Salem. The purchase price was $31,000. The material evidence is described in the opinion. At the close of the evidence, the defendants asked for and the judge refused thirty-four requests for rulings, raising the questions of law described in the opinion. The jury found in each action for the plaintiff in the sum of $3,000; and the defendants alleged exceptions.

*R. L. Sisk,* for the defendants.

*J. J. Ronan,* for the plaintiff.

CARROLL, J. These are two actions to recover damages for false and fraudulent representations made by the defendants, which induced the plaintiff to purchase certain real estate belonging to the defendant Albert Goldman. The defendant Annie Goldman, the wife of Albert, acted for him in the sale of the property. The purchase price was $31,000. The jury found for the plaintiff in each case.

1. There was evidence for the jury that it was represented to the plaintiff by Mrs. Goldman that Blanchard, one of the tenants, was paying a rental of $25 a month when in fact he was paying but $18 a month; and that the misrepresentation was fraudulently made. If the jury believed this, then a false and fraudulent statement of a material fact, relied on by the plaintiff, which entered into the substance of the contract, was made by the defendant, and a case of deceit practised on the plaintiff was made out for which she can recover. *Kilgore* v. *Bruce,* 166 Mass. 136. *Boles* v. *Merrill,* 173 Mass. 491, 494. *Kerr* v. *Shurtleff,* 218 Mass. 167. *Bates* v. *Cashman,* 230 Mass. 167.

2. The plaintiff testified that Mrs. Goldman represented to her that the income from the property was sufficient to pay the interest on the mortgages, the fixed charges, and give her an income of $800 a year; that she would not have bought the property if she had known the statement was untrue; that the income from the real estate was insufficient to pay the fixed charges and give her a net return of $800 a year. If this representation was made, it was

a fraud for which the plaintiff can recover. *Boles* v. *Merrill, supra. Vouros* v. *Pierce,* 226 Mass. 175.

3. The defendants contend that an investigation would easily have shown that this representation was false and that the plaintiff was guilty of such inexcusable neglect as to preclude her recovery. In dealing with others, reasonable diligence must be used to discover facts which are obvious to an ordinary observer; and if the person who claims to have been defrauded fails to use this degree of diligence, he cannot maintain an action of deceit based on the misrepresentation. This is the settled rule. But the circumstances of each case must be considered. The plaintiff formerly owned a house in Beverly, but she was without experience in real estate matters. She testified that she did not make a computation of the rents and income, and it did not appear that she computed the amount of the taxes, interest on the mortgage and other expenses. She further testified that she relied on the defendant's statement. The jury saw her and heard the explanation she gave of her early education. Under these circumstances it could not be ruled as matter of law that this misrepresentation was so obviously false that she had no right to rely on it. The jury were fully and accurately instructed and there was no error in the way this question was left to them. *Lewis* v. *Jewell,* 151 Mass. 345. *Roberts* v. *French,* 153 Mass. 60. *Holst* v. *Stewart,* 154 Mass. 445. *Brady* v. *Finn,* 162 Mass. 260. *Kilgore* v. *Bruce, supra. Long* v. *Athol,* 196 Mass. 497, 504. *Rollins* v. *Quimby,* 200 Mass. 162, 163, 165. *Thomson* v. *Pentecost,* 206 Mass. 505. *Townsend* v. *Niles,* 210 Mass. 524.

4. When the plaintiff was upon the Forest Avenue premises she noticed that the foundations were badly built; that the paper in the front hall was torn, and that one of the piazza posts was supported by a board. Mrs. Goldman's attention was called to these matters and she stated that the contractors had not finished their work and promised to have it properly done; and in the written contract between the parties Goldman agreed to complete the unfinished work on the Forest Avenue house. There was further evidence that the floors were only a "quarter nailed;" that the windows had to be repaired to keep them from falling out; that the doors had settled because there was no foundation under them; and that six of the spouts or conduits were held in place by wires. The

defendants requested the trial judge to rule that the misrepresentation "that the premises were in very good condition except in a few details, which remained to be finished," was a statement of opinion and not actionable; and that the plaintiff had full opportunity to inspect the same and could not recover for this reason. This request was properly refused. If the jury found that it was represented to the plaintiff that the house was in good condition with the exception of the defects in the unfinished work which was to be completed by the defendant Albert, and that the windows, doors, spouts and floors which were supposed to be in a finished state as left by the contractor, were not as matter of fact in a proper state of repair, they could find that a fraud was practised on the plaintiff. If these misrepresentations were made, they were matters of fact and not of opinion. The plaintiff was not precluded from recovering because she failed to make an investigation and discover these defects before the sale was completed. *Holst* v. *Stewart, supra. Brady* v. *Finn, supra. Thomson* v. *Pentecost, supra.*

5. On the evidence of the plaintiff the jury could say that two tenements were vacant at the time of the sale, when Mrs. Goldman represented that but one tenement was vacant. The plaintiff testified that one of the tenants told her that the apartment which Mrs. Goldman represented to be occupied was in fact vacant; that Mr. Goldman "put a few pieces of furniture there, and they had moved them at night." This evidence was admitted without objection, and the jury could consider it; the defendants' requests bearing on this aspect of the case were refused properly.

6. There was evidence that Chandler was the plaintiff's agent in the transaction, that many of the statements alleged to have been made by the defendants were known by him to be false; and it was the contention of the defendants that the plaintiff was chargeable with the knowledge possessed by her agent. It also appeared that Chandler received a commission of $620 from the defendants and that Lemkin, who was acting as the defendants' agent, was paid a part of this sum by Chandler. There was no evidence that the plaintiff knew that Chandler was acting for the Goldmans. Under these circumstances it could not be ruled as matter of law that Chandler was the plaintiff's agent and that she was bound by his knowledge. *Worcester* v. *Cook,* 220 Mass. 539. *Tracey* v. *Blake,* 229 Mass. 57. The question whether Chandler

was the plaintiff's agent was left to the jury and they were told that if he was in fact her agent, whatever knowledge he had would be imputed to her. The defendants have no just ground of exception to the manner in which this question was dealt with by the court.

There was no reversible error in refusing the defendants' requests or in admitting the evidence excepted to by them. *Shea v. Hudson,* 165 Mass. 43.

*Exceptions overruled.*