## CECELIA G. LYNCH *vs.* MEREDITH W. PALMER.

Middlesex.    November 15, 1920. — January 7, 1921.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Deceit.*

At the trial of an action of tort for deceit, there was evidence tending to show that, in order to induce the plaintiff to buy of him a lot of land upon which there was a house partially completed, the defendant had told the plaintiff that the lot was to be a corner lot, that there would not be any doubt about the next lot being a street, that he owned it, that it would always remain open, and that he was reserving it for a street. There also was evidence that, relying on the representations and believing them to be true, the plaintiff purchased the lot and would not have done so under any other condition; that at the time of the representations and of the sale the defendant did not own the adjoining lot, that about two months after the sale he bought it and that about ten months later he built a two-family house thereon within eighteen feet of the plaintiff's house. *Held,* that

(1) A verdict for the plaintiff was warranted;

(2) The mere fact, that the representation that the adjoining lot would always remain open might be found to be promissory only, and therefore, if standing alone, not actionable, did not require a finding for the defendant, because the other representations which were false were of material facts;

(3) The representation by the defendant that he was the owner of the adjoining lot was material;

(4) Although the plaintiff by an examination of the record title to the adjoining lot might have ascertained the falsity of the representation by the defendant that he owned it, he was not required to make such examination but was justified in relying on the defendant's representation.

TORT for deceit in the sale of land. Writ dated November 19, 1915.

In the Superior Court, the action was tried before *Aiken*, C. J.

The material evidence is described in the opinion. At the close of the evidence, the defendant asked for the following rulings:

"1. As a matter of law the plaintiff is not entitled to recover.

"2. As a matter of law the plaintiff has proved no false representations for which an action in deceit lies."

The rulings were refused. There was a verdict for the plaintiff in the sum of $500; and the defendant alleged exceptions.

The case was submitted on briefs.

*A. S. Apsey,* for the defendant.

*F. W. Mansfield & E. R. Mansfield,* for the plaintiff.

CROSBY, J. At the time the alleged misrepresentations were made, the defendant was the owner of certain lots on Gove Street in Medford as shown on a plan, including lots 88 and 90; the intervening lot (89) was a vacant lot forty- feet wide and was not owned by the defendant.

There was evidence that some time in June, 1914, the defendant was introduced to the plaintiff as the owner of lot 88; that he told her lot 88 was to be a corner lot, there would not be any doubt about lot 89 being a street, he owned it, it would always remain open, that he was reserving it for a street; there was also evidence that the plaintiff believed the statements so made, and that she purchased of the defendant lot 88 on which there was a house partially completed; that she would not have bought it under any other condition; that about a year after the purchase and after the house had been completed the defendant built a two-family house on lot 89, which made the plaintiff's house very much darker on that side, the distance between the houses being approximately eighteen feet.

After the alleged representations were made, a written agreement for the purchase and sale of lot 88 was executed on June 19, 1914, and a deed was delivered by the defendant to the plaintiff on August 21, 1914.

The defendant admits that he did not own lot 89 at the time of the alleged representations. He testified that he did not obtain title to it until September, 1914, which was after the date when lot 88 was sold to the plaintiff. He denied that he made the statements relied on by the plaintiff, but, if the jury believed they were so made, the verdict for the plaintiff was warranted.

If the defendant represented that he was the owner of lot 89,

that he was reserving it for a street, and that lot 88 was to be a corner lot, the jury could find that such representations were false and fraudulent and related to material facts; and if the plaintiff relied upon them and thereby was induced to purchase lot 88, as she testified, the defendant would be liable for the fraud and deceit practised upon her. *Durkin* v. *Cobleigh,* 156 Mass. 108, 111. *Kilgore* v. *Bruce,* 166 Mass. 136. *Boles* v. *Merrill,* 173 Mass. 491. *Vouros* v. *Pierce,* 226 Mass. 175. *Mignault* v. *Goldman,* 234 Mass. 205.

If it be assumed that the representation that lot 89 would always remain open, be regarded as merely promissory as to the future, and for which an action for deceit would not lie, *Dawe* v. *Morris,* 149 Mass. 188, *Brown* v. *C. A. Pierce & Co. Inc.* 229 Mass. 44, the other representations were not of that character but related to existing facts.

The defendant's contention that the representation that he was the owner of lot 89 is not a material one and cannot be impeached on the ground of fraud cannot be sustained. While the plaintiff could have ascertained the falsity of the statements by an examination of the title in the registry of deeds, she was not bound as matter of law to make such examination but could rely upon the positive assurances of the defendant that he was the owner of lot 89. It could be found that these assurances were calculated to divert her attention from an examination of the record which she might otherwise have made. *Grimes* v. *Kimball,* 3 Allen, 518. *Holst* v. *Stewart,* 161 Mass. 516, 522. *Brady* v. *Finn,* 162 Mass. 260, 266, 267. *Rollins* v. *Quimby,* 200 Mass. 162; *S. C.* 206 Mass. 391. *Thomson* v. *Pentecost,* 206 Mass. 505, 511. *Mignault* v. *Goldman, supra.* There is nothing in the decision of *Mabardy* v. *McHugh,* 202 Mass. 148, at variance with our conclusion.

The motion to direct a verdict for the defendant could not properly have been allowed, and the requests for rulings were rightly denied.

*Exceptions overruled.*