THOMAS J. POWERS *vs.* JOSEPH RITTENBERG.

SAME *vs.* SAMUEL WALDMAN.

Suffolk.  December 11, 1929. — January 28, 1930.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Deceit. Waiver. Evidence*, Presumptions and burden of proof.

In an action of tort for deceit, there was evidence that the plaintiff hired a garage from the defendant under a lease in writing for a term of five years from May 1; that, to induce the plaintiff to execute the lease, the defendant made false representations to him concerning the annual income and profits received by the defendant from the garage business, the amount paid by a gasoline company for the privilege of having its gasoline sold on the premises, the rent paid by sub-tenants, the number of automobiles then in storage, the larger number in storage during the winter months and the capacity of the garage; that the plaintiff paid a substantial sum in advance; that, upon the plaintiff's seeking a reduction in his rent during the summer months on the ground that the representations had not been "lived up to," the defendant suggested that the plaintiff hold back a certain amount from the rent and said, "Hang on to it [the garage], you will have a big business there this winter," and that he would make it right with the plaintiff; that the sum mentioned was deducted from the rent for each of four months beginning July 1; that the monthly returns from the business were becoming constantly less after October; that the plaintiff paid the rent on November 1, but did not pay it on December 1 or January 1; that in December the defendant notified him to quit the premises at the end of December and later commenced proceedings in summary process to recover the premises; that the plaintiff occupied the premises until January 29, when he left, having by letter on January 28 tendered the garage to the defendant and notified him that the lease was terminated by reason of the false representations by the defendant. *Held*, that

(1) A finding was warranted that the representations made by the defendant were a material inducement to the plaintiff to execute the lease;

(2) A finding was warranted that the plaintiff did not occupy the premises for a time longer than what was reasonably necessary to discover the full extent of the defendant's fraud;

(3) The burden was on the defendant to show that his fraud had been waived by the plaintiff with full knowledge of it or that the defendant's liability therefor had been terminated by an accord and satisfaction;

(4) In the circumstances, especially in view of the representations that business would increase in the winter months, a finding was warranted that the plaintiff did not have full knowledge of the defendant's fraud at the time he requested and accepted the reduction in the rent for the summer months; and a ruling, that his acceptance of the reduction was a bar to recovery, therefore was refused properly;

(5) The trial judge properly refused to rule that the plaintiff's failure to pay the rent due December 1 and January 1 was a bar to recovery;

(6) In the circumstances, it could not be said as a matter of law that the plaintiff had lost his right to maintain the action by having given notice of termination of the lease and vacated the premises;

(7) A verdict for the plaintiff was warranted.

TWO ACTIONS OF TORT for deceit. Writs dated February 2, 1927.

Material evidence at the trial of the actions together in the Superior Court before *Walsh*, J., is stated in the opinion. At the close of the evidence, the judge denied a motion by the defendant in each action that a verdict be ordered in his favor. The defendant in each action requested and the judge refused the following rulings, among others:

"32. By asking and receiving from the defendant a reduction of $100 per month from the rent called for by the lease during the months of July, August, September and October, 1926, after the plaintiff had knowledge of the alleged fraud, the plaintiff lost whatever right he may have had to maintain an action for fraud against the defendant.

"33. If the jury should find that the plaintiff was induced by fraud on the part of the defendant into executing the lease in suit still he cannot recover unless he shows that he continued to pay the rent and in all other respects performed the covenants and conditions of the lease.

"34. If the jury should find that the plaintiff was induced by fraud on the part of the defendant to execute the lease

in suit still he cannot recover, if he failed to perform his contract.

"35. The plaintiff's refusal to pay the rent called for by the lease in December, 1926, and January, 1927, bars recovery . . . .

"36. The plaintiff's letter of January 28, 1927, bars recovery by the plaintiff . . . .

"37. As matter of law the plaintiff in this case has failed to perform his contract and he cannot therefore maintain his action . . . of his declaration."

The jury found for the plaintiff in each action in the sum of $5,844.   The defendants alleged exceptions.

*F. P. Garland, (C. E. Leonardi & L. Wyman* with him,) for the defendants.

*G. Alpert, (M. C. Kelleher* with him,) for the plaintiff.

SANDERSON, J.   These are two actions of tort for false representations inducing the plaintiff to enter into a lease of a garage building with garage fixtures and equipment for a term of five years from May 1, 1926.   In each case a verdict was returned for the plaintiff in the same amount. The exceptions are based upon the denial of the defendants' motions for directed verdicts and the refusal of the judge to grant certain rulings requested.   The defendants owned the garage but the title was in the name of Gertrude P. Golub, and she was named in the lease as lessor. When the lease was executed the plaintiff deposited $2,500 with the lessor to secure the performance of its terms.

The alleged false representations relate to the gross amount of income received by the defendants each year from the garage business, their annual profits therefrom, the amount paid by a certain gasoline company for the privilege of having its gasoline sold at the place, to the rent being paid and promised to be paid by a tenant of the show room, the amount of rent received for the repair shop, the number of cars then in storage, the larger number in storage during the winter months and the capacity of the garage.

The lease contemplated that the garage and equipment would be used by the plaintiff for a garage business.   It

provided for the delivery of garage tenants and occupants at the termination of the lease. The representations could be found to have been material inducements to the contract. See *Lee* v. *Tarplin,* 183 Mass. 52, 57; *Noyes* v. *Meharry,* 213 Mass. 598, 600; *Vouros* v. *Pierce,* 226 Mass. 175; *Mignault* v. *Goldman,* 234 Mass. 205. Decisions excluding evidence of net profits in proceedings to recover damages for land taken by eminent domain are distinguishable from the case at bar, because in such proceedings the recovery is only for the value of the real estate itself or of a leasehold or other interest therein. Net profits of a business conducted on the land are considered immaterial. *Whitman* v. *Boston & Maine Railroad,* 3 Allen, 133, 141. *Bailey* v. *Boston & Providence Railroad,* 182 Mass. 537, 539. *Brackett* v. *Commonwealth,* 223 Mass. 119, 126. There was evidence to prove all essential elements in an action for deceit. *Thomson* v. *Pentecost,* 206 Mass. 505, 511. *Brown* v. *C. A. Pierce & Co. Inc.* 229 Mass. 44, 47.

The plaintiff's attorney testified that, in negotiating for a reduction of the rent with the attorney for the defendants, he stated that the gasoline company was not making monthly payments; that there were not as many cars in the garage as were represented to be there; that the revenue was nowhere near what the plaintiff expected it to be; that no agreement for letting the show room at an increased rental could be found; that the plaintiff insisted on a reduction of rent, "because the representations made to us have not been lived up to"; that the rent was too high for the circumstances and the revenue was not in proportion to the rental. He further testified that the reduction was agreed to; that the plaintiff wanted a reduction because things were not as represented. The plaintiff testified, in substance, that one of the defendants suggested that he hold back $100 a month from the rent when told that the gasoline company was not paying that amount, and that the plaintiff's attorney asked for a reduction of the rent during the summer months because business was not good. There was evidence that one of the defendants said to the plaintiff when complaint was made about the amount of

business, "Hang on to it, you will have a big business there this winter," and that he would make it right with the plaintiff. The defendants' testimony tended to prove that the deduction was not made to settle fraud; that nothing was said about any representations, but that the rent was reduced for the summer months because the plaintiff was disappointed in the amount of business he was doing. For each of the four months beginning with July $100 was deducted from the rent.

On November 1 the plaintiff paid the rent called for in the lease. In December of the same year he failed to pay rent and the lessor on December 11, 1926, gave him notice to vacate the premises in fourteen days from that date. On January 28, 1927, the plaintiff by letter notified the lessor that he tendered the garage building with all fixtures and equipment leased; that the lease was terminated because of false representations, and that he would hold the lessor for all damages after the lease had been terminated. The notice to quit was followed by proceedings by summary process for recovery of the premises on which an order to vacate was entered. The parties stipulated that the plaintiff's appeal from this order was still pending in October, 1929. The plaintiff continued to occupy the premises and conduct the business until January 29, 1927, when he left. It appeared that the monthly returns from the business were constantly becoming less after October, 1926.

If the representations relate to facts about which the truth cannot be discovered until the contract has been in part executed, the party who has acted in reliance upon the representations would not forfeit his right to recover for deceit by occupying the property a reasonable length of time to discover whether the representations are true. *Irving* v. *Thomas*, 18 Maine, 418. *Charbonnel* v. *Seabury*, 23 R. I. 543. See also *Andrews* v. *Jackson*, 168 Mass. 266, 268; *McKinley* v. *Warren*, 218 Mass. 310, 313; *Haven* v. *Neal*, 43 Minn. 315, 317, 318; *Moran* v. *Tucker*, 40 R. I. 485. In the case at bar a substantial payment was made in advance and some rent had been paid before any part of the alleged fraud was discovered, and the finding could have

been made that the plaintiff was unable to discover its full extent before the time he ceased to pay rent and gave notice of termination of the contract. It was understood that the business would increase substantially during the fall and winter months.

A ". . . right of action for deceit may be settled in the same way as any other right of action — by a release under seal, or by a compromise or accord and satisfaction accompanied by sufficient consideration. In most if not all the cases relied on as showing the possibility of waiving a right to sue for fraud, the element of accord and satisfaction will be found." Williston, Sales, (2d ed.) § 646.

As a general rule requesting and receiving a modification of the agreement because of the fraud after full knowledge of it constitute a waiver of the fraudulent transaction and operate as a bar to the right to recover damages. *Tucker* v. *Beneke*, 180 Cal. 588. *Doherty* v. *Bell*, 55 Ind. 205, 208. *Craig* v. *Bradley*, 26 Mich. 353, 369. The defendants had the burden of proving that the fraud had been waived or that liability therefor had been adjusted. *Nashua River Paper Co.* v. *Lindsay*, 249 Mass. 365, 368. The question "Whether there has been waiver is usually a question of fact." *Moss* v. *Old Colony Trust Co.* 246 Mass. 139, 151. *Graustein* v. *Wyman*, 250 Mass. 290, 296.

It could have been found that when the plaintiff accepted a reduction of the rent for four months he did not have full knowledge of the alleged fraud even though he had then gained some knowledge of it. The plaintiff cannot be held to have deprived himself of the right to sue in deceit because he left the premises or gave the notice as to the termination of the lease under the circumstances disclosed by the evidence after he had received the notice to quit from the defendants.

The evidence considered in the light most favorable to the plaintiff justified the judge in refusing to direct verdicts for the defendants; and in none of the exceptions argued do we find reversible error. In each case the exceptions are overruled.

*So ordered.*