*Municipal Court of the City of Boston*

No. 40955

**JAMES G. GUARINO**

v.

**ALICE M. RUSSO**

**AND**

**FRANK RUSSO, JR. ET AL**

(June 16 — June 30, 1961)

*Present:* Adlow, C. J., Riley & Glynn, JJ.

Case tried to *Chayet, Sp. J.,*

*Adlow, C. J.* Action of contract or tort brought to recover the purchase price of an automobile. In counts I and II rescission is sought on the ground of fraud. In a third count the plaintiff seeks damages for breach of warranty.

*There was evidence that* the defendants caused to be inserted in the Boston Globe of *December* 18, 1960 the following advertisement:

"1958 Cadillac convertible. Jet black w/red inter., r. and H, w.w. tires, p.s. elec. winds & seats, many extras, new top, 1-owner, absolutely like new condition, low mi, must sell due to financial difficulties, $2595. OX 8-8163."

*There was further evidence that* after seeing the ad the plaintiff sent his son to the residence of the defendants where he viewed the car; that after offering $2300 for the car he

finally agreed to purchase the same for $2450. On *December* 23, 1960 the car was sold to the plaintiff, James A. Guarino, by Alice M. Russo and a bill of sale signed by her was given to him which stated in part, "Car is sold as is — in good working order."

While the plaintiff offered evidence that the defendant Frank Russo, Jr. had stated to him in response to a question that the car had never been in an accident, and that it was the family car and belonged to his sister who had left the car with him to be sold, the defendant denied that such statements had ever been made. However, the defendant Frank Russo, Jr. did testify that he was licensed as a Class II used car dealer with a right to do business at 16 Harcourt Street and 21-31 Irvington St. in Boston; that he had a set of dealer's plates at the time this transaction was consummated; that the car purchased by the plaintiff had been bought by him from a used car dealer who had purchased it at an auction on *December* 2, 1960. Frank Russo, Jr. further testified that on *December* 19, 1960 he had transferred the car to his mother, the defendant Alice M. Russo; that he had examined the car carefully after purchasing it and had no knowledge of any defects in the car.

Subsequent to the transfer of title to the car the defendant delivered same as directed by the plaintiff to the Milton Auto Sales. The report is not clear as to whether the car was registered for the few days remaining in 1960.

There was evidence that the plaintiff ordered certain repairs to be made on *December* 30, 1960 before putting the car on the road, and repairs amounting to $68.32 were made at the time. There was evidence of the shop foreman to the effect that there was a welder's seam across the steel floor boards and the right rear yoke bracket, and that the car needed additional repairs in order to be in good running order. There was further evidence that thereafter the car stalled on the street many times and had to be towed to the garage for repairs. On *January* 16, 1961 the plaintiff notified the defendant, Mrs. Frank M. Russo that "the car having previously been in a serious accident, and it not having been in good working order, both of which facts you misrepresented, the sale is hereby rescinded." A letter of similar tenor was sent to Alice M. Russo on *January* 18, 1961. This letter contained in addition an offer to return the vehicle upon receiving instructions where it was to be returned. The receipt of these letters was not disputed. There was evidence that the plaintiff had repairs made on the car on *January* 23, 1961, and that he then cancelled the registration on the car and has not used it except to start the motor in cold weather to protect it.

At the close of the evidence the parties filed requests for rulings of law. The court acted on the defendant's requests and failed to act on those of the plaintiff. In view of the undisputed facts and the court's findings with respect to the disputed facts, the plaintiff's

requests for rulings of law are pertinent to the issues raised by the facts.

By reason of the court's failure to act on them they are considered to be denied. *Sullivan v. Roche,* 257 Mass. 166, 169; *Bank-off v. Coleman Bros., Inc.,* 302 Mass. 122.

The court found for the defendants on Counts I and II and for the plaintiff on Count III, and assessed damages in the sum of $145.17 against the defendant Alice M. Russo. There was a finding for defendant Frank Russo, Jr. The court made findings of fact to the effect that

(1) the car was sold "as is — in good working order";

(2) the car was not in good working order;

(3) that the defendants Alice M. Russo and Frank Russo did not conspire to defraud the plaintiff;

(4) that the plaintiff was not deceived in connection with the purchase of the automobile;

(5) that the plaintiff did not rescind the sale.

Being aggrieved by the finding of the court and particularly by the court's rulings on defendants' requests for rulings and the court's failure to rule on his requests for rulings the plaintiff brings this report.

It is unnecessary to examine all the rulings made by the court in response to the requests of the defendant. It is sufficient for our pur-

poses that the ruling to request No. 7 be examined.

▆ The court ruled as requested by the defendant that

"The evidence warrants a finding that the defendants were unaware of the condition of the automobile as alleged in the plaintiff's declaration, and they did not conspire to defraud the plaintiff."

In effect the defendants asked the court to rule that if they were unaware of the defects in the car they could not be held liable in an action based on fraud. To so rule was error. While it is true that the early basis of liability for fraud embraced knowledge by the person charged with the fraud of the falsity of the statements made (*Pasley v. Freeman,* 3 T.R. (Eng.) 51 (1789)), the rule today holds a seller liable for an honest misrepresentation. If the statements were false the seller is answerable even if he was unaware of the true facts. *Litchfield v. Hutchinson,* 117 Mass. 195; *Chatham Furnace Co. v. Moffatt,* 147 Mass. 403, 404; *Yorke v. Taylor,* 332 Mass. 368; *Holmes,* "The Common Law", 136.

▆ Aside from the misrepresentation arising from the defective condition of the car, the plaintiff's right to rescind rests on a much broader base. On the undisputed facts the conduct of the defendants was fraudulent in its entirety. The advertisement which appeared in the Boston Globe with its implications of a private offering of a car that had been used only by one family was sufficient

if believed to taint the transaction with fraud and to render the sale voidable at the option of the buyer.

 One who shuns dealings with automobile dealers and prefers to purchase at private sale has a right to have his expectations fulfilled. Buyers have a right to discriminate between sellers, and the personality with whom one deals may be a matter of prime importance in a transaction. *Boston Ice Co. v. Potter,* 123 Mass. 28. To conceal the fact that one is a licensed used car dealer and to pose as a member of a family which is disposing of a car for reasons of financial necessity is to overreach in every sense of the term. It is fraudulent in the moral as well as legal sense. It finds the buyer unguarded in his negotiations and increases the margin for imposition. Were he aware of the true character of the party with whom he did business, he might have declined to go on with the negotiations or have exercised a more adequate caution. There is ample authority to support the avoidance of transactions induced by misrepresentations with respect to the identity of the party with whom one deals. *Gordon v. Street,* 2 Q.B.D. (Eng.) 641, 645 (1899); *Leone's Case,* 239 Mass. 1. On the undisputed facts there was fraud as a matter of law and the transaction was voidable at the option of the buyer. To relegate the buyer to his right to recover for breach of warranty only is to deny him the relief to which he is entitled.

 Whether the court determined the

basic issue on the theory that there was no fraud or because the plaintiff did not rescind in a reasonable time is not too clear. The plaintiff had requested the court to rule

"No. 7. That the plaintiff used the vehicle after the rescission for the purpose of checking it, is not such use as to effectuate a waiver of the rescission."

The rule of law is in accord with authority and should have been granted. *Boles v. Merrill,* 173 Mass. 491; *Gottman v. Jeffrey-Nichols Co.,* 268 Mass. 10.

The basic issue having been disposed of on an erroneous theory of the law the order of this court must be:

*Finding for plaintiff on Count III vacated.*
*Finding for defendants on Counts I and II vacated.*
*Cause remanded for trial.*

Joseph E. Iovino of Boston, for the Plaintiff.
Martin K. Leppo of Boston, for the Defendant.