## MILDRED L. ROLLINS *vs.* WALTER H. QUIMBY.

Worcester. June 23, 1910. — September 7, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Conversion. Deceit. Fraud. Negligence. Sale, Caveat emptor. Evidence,* Presumptions and burden of proof, *Res gestae,* Competency. *Agency.*

After the first trial of this action of tort for conversion by means of fraud, in which the plaintiff was a married woman who contended that she and her husband, who acted as her agent, were induced to sell her farm and certain personal property thereon to the defendant by false representations on his part that certain mortgages which he assigned to her as the purchase price were first mortgages, and that it would not be necessary to have the title examined or to employ a lawyer, exceptions by the plaintiff to a ruling of the presiding judge

ordering a verdict for the defendant were sustained. At the second trial of the case, although there was much more evidence, and that of the plaintiff was stoutly controverted, and there was much stronger ground for a contention of the defendant that the plaintiff and her husband were not so ignorant as they represented themselves to be in regard to business matters and real estate transactions, it was *held*, that there still was evidence from which the jury were warranted in finding in accordance with the contentions of the plaintiff, and that the presiding judge was right in refusing to rule that as matter of law the plaintiff and her husband were guilty of negligence in relying on the defendant's representations. Following *Rollins* v. *Quimby*, 200 Mass. 162.

In an action of tort for conversion by means of fraud, in which the plaintiff, a married woman, alleged that she and her husband, who acted as her agent, were induced to sell and convey to the defendant her farm and certain personal property thereon in return for the assignment of certain mortgages which the defendant falsely and fraudulently represented to be first mortgages, further inducing her not to employ a lawyer or to have the title or papers examined, there was evidence tending to show that one S. had acted for the defendant in the transactions ; that, upon the plaintiff's husband objecting that he could not take the purchase price all in mortgages, but must have some money, the defendant had said, "I will have a man there [at the time of passing of papers] to cash it," meaning one of the mortgages, and that at the time referred to one W. was introduced to the plaintiff's husband as "the man who was to cash the mortgages." Under such circumstances, subsequent conversations between the plaintiff's husband and W., in the course of which W. at first delayed the day for procuring the cash and then stated that he did not desire to cash the mortgages, but that "they were all right from the description that S. and W." the defendant had given him, were admitted in evidence subject to exceptions by the defendant. *Held*, that there was no error in the admission of the evidence, since it bore on the general contention of the plaintiff, and since, although the defendant was not present, S. might have been found by the jury to have been acting for him.

TORT for the conversion of property of the plaintiff, alleged to have been obtained from her as part of a transaction involving the transfer to the defendant of the plaintiff's farm in return for which and the personal property in question the defendant assigned to the plaintiff certain mortgages which the plaintiff alleged that the defendant falsely and fraudulently represented to her and to her husband, acting as her agent, were all first mortgages. Writ dated April 6, 1907.

The case previously was before this court as stated in the opinion. After rescript, it was tried again before *Aiken*, C. J. The evidence of the plaintiff tended to show that the plaintiff's husband was approached regarding the sale by one Spooner, mentioned in the opinion, who later brought the defendant to the plaintiff's house, and that, in the subsequent dealings between the parties, Spooner and the defendant acted together.

The testimony of the plaintiff's husband as to one West, referred to in the opinion, was as follows: " Soon after Spooner and I came down stairs, a man came in; . . . he was introduced to me by Mr. Spooner as Mr. West, the man who was to cash the mortgages. . . . We had some talk with Mr. West but Mr. Quimby was not present. . . . He says, ' How much is it?' And I said, ' $2,000,' and he says, ' That is pretty short notice to get so much money together,' that it would take only a few days, and I told him the first part of the week and I says ' How about Tuesday?' and he says ' All right, and so it was agreed that I should meet him at the Warren House Tuesday. This was on Friday, and I went to the Warren Hotel the following Tuesday at the appointed time. Mr. West was there and I had some talk with him. He said he was sorry to disappoint me but he rather have his money at 6% than at 4%, and I asked him if he would like to see the mortgages and he said no, they was all right from the description that Quimby and Spooner had given him."

As stated in the opinion, other evidence of the plaintiff tended to establish the allegations of the plaintiff.

At the close of the evidence, the presiding judge refused to rule that on all the evidence the plaintiff was not entitled to recover. There was a verdict for the plaintiff; and the defendant alleged exceptions.

The case was submitted on briefs.

*M. M. Taylor,* for the defendant.

*J. A. Thayer, C. B. Perry & A. R. Greeley,* for the plaintiff.

MORTON, J. This case was before us in 200 Mass. 162, where the plaintiff's exceptions to a ruling directing a verdict for the defendant at the close of the plaintiff's evidence were sustained, and the case was sent back for a new trial. The case has now been fully tried on both sides, both the plaintiff and the defendant testifying, which neither did at the former trial. At this trial there was a verdict for the plaintiff, and the case is now here on exceptions by the defendant to the refusal of the presiding judge to rule that on all the evidence the plaintiff was not entitled to recover, and to the admission of certain evidence.

The defendant contends that the case as it now comes before us is distinguishable from the case as formerly presented. The

facts *pro* and *con* have been brought out much more fully at this trial than they were at the previous trial, and there is much stronger ground for the contention that the plaintiff and her husband, who acted as her agent, were not so ignorant, especially the husband, as ' they represented themselves to be in regard to business matters and real estate transactions. But there was testimony at this trial as there was at the other tending to show that the defendant falsely represented the mortgages to be first mortgages and that the plaintiff and her husband both relied on the representations so made. The defendant and Spooner both strenuously denied that any such representations were made and in this and other matters the parties were diametrically at issue. In that situation it plainly was for the jury to determine what the facts were and whether, taking all of the circumstances into account, the plaintiff and her husband were warranted in relying upon the representations alleged to have been made. It could not have been ruled as matter of law that the plaintiff and her husband were guilty of negligence in relying upon such representations. It was for the jury to say what experience the plaintiff and her husband had had in real estate and business matters and from that and their appearance upon the stand to determine whether they exercised the degree of care which would naturally be expected of them or whether they were attempting to enforce an unjust claim. It cannot be said that there was no evidence warranting the verdict.

The only exception to the admission of evidence which has been argued by the defendant is that to the admission of a conversation between the plaintiff's husband and Spooner and a man by the name of West, at which the defendant was not present, which related to a cashing of one of the mortgages by West. The plaintiff's husband testified that, upon his objecting that he could not take the purchase price all in mortgages but must have some money, the defendant said " I will have a man there to cash it," meaning, evidently, one or more of the mortgages. The plaintiff's husband also testified that West was introduced to him by Spooner as the man who was to cash the mortgages. And it could have been found that he was there pursuant to the defendant's undertaking as part of the sale and purchase to find a man who would cash one or more of the

mortgages and that Spooner was acting for the defendant. Under those circumstances the conversation was admissible as bearing on the general contention of the plaintiff that she and her husband were induced to make the sale and conveyance by false representations on the part of the defendant, and the objec- tion that the defendant was not present was met by the fact that Spooner was acting or could be found to be acting as his agent.

The other exceptions to the admission of evidence have not been argued and we treat them as waived.

*Exceptions overruled.*