JAMES VOUROS & another *vs.* JAMES P. PIERCE.

Suffolk.    January 11, 1917. — March 1, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Deceit.    Practice, Civil,* Rulings and instructions.    *Damages,* In tort.

In an action for deceit, where it appeared that the defendant falsely and fraudulently represented to the plaintiffs that he had for sale for $325 the fixtures and business of a restaurant where the plaintiffs could make a net profit of $10 a week, whereby the plaintiffs were induced to purchase the business at that price, it was *held* that, upon the evidence reported, the question, whether the plaintiffs when they paid the sum of $325 were given to understand that they were buying a prosperous business enterprise instead of a lot of furnishings and utensils held under a defeasible title, was a question of fact for the jury.

In the same case it was *held* that the presiding judge was right in refusing to give certain instructions asked for by the defendant in regard to the effect of a breach of the covenant of title or the covenant against incumbrances contained in the bill of sale or in regard to the construction of that instrument, because these matters were not relevant to the issues on trial in the action to recover damages for deceit underlying the whole transaction.

In the same case it was *held* that the proper measure of damages was the difference between the actual value of what the plaintiffs received and what that value would have been if the defendant's representations had been true.

TORT for alleged false and fraudulent representations in regard to the value of the business of a restaurant at 65 Merrimac Street in Boston, as described in the opinion, whereby the plaintiffs were induced to pay the defendant for the fixtures and good will of the restaurant the sum of $325.    Writ dated August 1, 1914.

In the Superior Court the case was tried before *Bell,* J.    The evidence is described in the opinion.    At the close of the evidence the defendant asked the judge to make or give, among others, the following rulings or instructions:

"1. On all the evidence the jury must find for the defendant."

"3. In order for the plaintiffs to recover under their allegations concerning misrepresentations about the business, it is necessary

for them to show that the defendant sold or purported to sell the business to them.

"4. There is no evidence that is competent to vary, alter or control the terms of sale as contained in the bill of sale.

"5. The good will or business itself did not pass under the bill of sale.

"6. The mortgagee under a chattel mortgage is 'the lawful owner' of the chattels covered by the mortgage.

"7. A mortgagor under a chattel mortgage can legally release his equity of redemption to the mortgagee by parole and without new consideration, and it is evidence of such a release if the mortgagor after the debt is due states to the mortgagee that he is unable to pay the same and orally delivers up to the mortgagee possession of the property covered by the mortgage.

"8. A false statement as to future earnings and profits made at the time of sale, upon which the vendee relies in purchasing, is not ground for an action of deceit.

"9. If the mortgagor Schurman delivered possession of the chattels covered by the mortgage to the mortgagee or her agent Sullivan, stating at that time to Sullivan that he was unable to pay the mortgage note and that Sullivan could have the property, and the latter relying upon this delivery of possession, assigned the mortgage to the defendant Pierce, the mortgagor Schurman was thereby estopped to redeem, and the defendant Pierce thereupon became sole owner of the property free from any incumbrance.

"10. If there was a breach of the covenant against incumbrances, the plaintiffs can recover only nominal damages for that breach, unless they have been disturbed in their possession by the incumbrancer, or have been put to expense to remove the incumbrance."

The judge, at the close of his charge, stated that he did not give the first of these rulings or instructions, that he thought he had given the third, fourth and fifth, that he had not given the sixth, that he had given the second, seventh, eighth and ninth, and had not given the tenth, and that he understood he had given the eleventh in substance. The defendant excepted to the failure to give the third, fourth and fifth, seventh, eighth and ninth rulings in substance, expressly contending that the charge did not cover them, and to the refusal to give the sixth and tenth rulings or

instructions. The dealing of the judge with the various requests is described in the opinion.

The jury returned a verdict for the plaintiffs in the sum of $375; and the defendant alleged exceptions.

*A. B. Comstock,* for the defendant.

*P. B. Kiernan,* for the plaintiffs.

BRALEY, J. The jury could find that the defendant represented that he had a restaurant for sale, the weekly gross receipts of which were from $25 to $40 weekly, leaving a net income of $10, and that the plaintiffs who had been employed in restaurants but desired to go into business for themselves, believing the representations to be true, were induced to purchase, paying part of the consideration when the bargain was struck and the balance when the bill of sale was delivered at the office of the defendant's counsel. The representations were material. *Gurney* v. *Tenney,* 197 Mass. 457. *Thomson* v. *Pentecost,* 206 Mass. 505. And the defendant has not argued that upon the evidence the jury would not be warranted in finding them to have been false. But he contends, that as the assignee of the outstanding mortgage on the chattels described in the bill of sale given to the plaintiffs, he transferred all the property for which they bargained.

It is not easy to reconcile this defence with his own testimony, where after denying that he ever "owned a restaurant" and "had no title to it, or restaurant for sale," he declared that he never had seen the mortgage, on the back of which the unrecorded assignment appears, or had it in his possession.

If however under the mortgage and the assignment at their face value he acquired a defeasible title to the property described in the bill of sale subject to be defeated and revested in the mortgagor upon redemption, the jury still could say that his statements at the place were that, "he had a restaurant for" $325, where they could make a net profit of $10 a week, and appointed a time to consummate the sale. *Douglas* v. *Stetson,* 159 Mass. 428, 430. The jury further could find on the evidence of the plaintiffs that, neither of them being able to read the bill of sale, they were assured by the interpreter in the presence of the defendant and his counsel who remained silent, "that all belonged to them except the cash register."

It is plain that the question whether the plaintiffs were given to

understand they were buying a going prosperous business enterprise, or only a lot of furnishings and utensils held under a defeasible title was a question of fact for the jury. *Kilgore* v. *Bruce,* 166 Mass. 136. *Rollins* v. *Quimby,* 200 Mass. 162, 164; *S. C.* 206 Mass. 391, 394. And the first request that upon all the evidence the jury must find for the defendant was denied rightly.

While the presiding judge said that he did not give the sixth request, it is clear that this request as well as the remaining requests except the fourth, fifth and tenth, in so far as applicable, are covered by the instructions which were sufficiently favorable to the defendant, and to which no exceptions were taken.

The tenth request, that if there was a breach of the covenant against incumbrances the plaintiffs can recover only nominal damages unless they have been disturbed in possession by the incumbrancer or have been put to expense to remove the incumbrance, and the fourth and fifth requests, that the terms of sale as contained in the bill of sale could not be varied by parol evidence, and that the good will of the business did not pass under the bill of sale, were inappropriate. The action is not for breach of the covenant of title to the chattels or of the covenant against incumbrances, but, as we have said, it is for damages for fraud underlying the entire transaction where the measure of recovery is the difference between the actual value of what the plaintiffs received and what that value would have been if the defendant's representations had been true. *Thomson* v. *Pentecost,* 210 Mass. 223.

We have not overlooked the declaration. But, if there is a partial variance between the allegations and the proof, this question, not having been raised at the trial, is not open on the record. *Oulighan* v. *Butler,* 189 Mass. 287, 289.

*Exceptions overruled.*