OCEANIC VILLAS, INC., a Florida Corporation, v. R. GODSON and EDITH MARIE GODSON, his wife.

4 So. (2nd) 689

Opinion Filed November 14, 1941
Rehearing Denied December 9, 1941

*Henry D. Williams*, and *Ward & Ward,* for Petitioner;

*E. F. P. Brigham,* for Respondent.

BUFORD, J., On petition for certiorari we are asked to review order of Circuit Court dismissing bill of complaint with leave to amend.

By the bill of complaint it is sought to rescind and cancel a ninety-nine year lease; to recover from lessor rents paid by lessee and to enjoin the prosecution of a landlord and tenant action wherein it is sought to evict the lessee for non-payment of rents under the terms of the lease. Plaintiff bases his right to relief prayed upon the allegations which in effect aver that lessor procured the execution of the lease by false and fraudulent representations of fact as to what had been the gross earnings of the property over certain desig-

nated periods before the time of the entering into the lease.

Copy of the lease is attached to and by apt words made a part of the bill of complaint.

The lease contains the following clause:

"IT IS DISTINCTLY UNDERSTOOD AND AGREED that the Lessee herein accepts the property herein leased and demised in its present condition, being governed by its own personal inspection of the premises, and in executing this lease it has not been governed or influenced by any representations of the Lessors as to the age and condition, or character of improvements situated upon said property, or as to the earning capacity thereof, and Lessee is guided in making this lease in accordance with the present terms only by its own judgment and without any influence, representation, fraud or duress of any nature on the part of the Lessors, and that the Lessee herein shall under no circumstances assert or maintain any claims for damages against the Lessors by reason of any present or future condition of improvements or buildings, if any, situated upon the above described property, and that no verbal agreements, stipulations, reservations, exceptions or conditions whatsoever have been made or entered into in regard to the above described property, which will in any way vary, contradict or impair the validity of this lease, or of any of the terms and conditions herein contained."

It is appellee's contention that by this clause of the lease the Lessee is estopped to allege that the lease was procured by fraud. We cannot agree with this contention. If the lease was procured by fraud and misrepresentation as to a material fact, the truth or falsity of which was known only to the Lessor (and

it is so alleged in the bill of complaint) and which misrepresentations, if proved, would be sufficient basis for a decree of recission, then such fraudulent misrepresentation vitiated every part of the lease contract and the Lessee was not bound by the above quoted clause.

That false and fraudulent misrepresentations as to past income, gross receipts or profits, may constitute fraud on which rescission should be awarded is too well settled to be seriously questioned. See Richardson's Treatise, "Outline of Contracts" (1928 Ed. Sec. 68, pages 67 and 68); 26 C. J. Sec. 105 page 1204; Vouros v. Pierce, 226 Mass. 175, 115 N. E. 297; Waldo v. Chicago etc., R. R. Co., *et al.,* 14 Wis. 575, 584; Mignault v. Goldman, 234 Mass. 205, 125 N. E. 189; Champleys *et al.,* v. Irwin *et al.,* 106 Wash. 438 to 441, 180 Pac. 405; Hotchkiss v. Bon etc. Co., 108 Me. 34 and 52, 78 Atl. 1108; Hecht v. Metzler, 14 Utah 408, 48 Pac. 37; Sanders v. King, 208 Ala. 638, 95 Sou. 19. To hold that by the terms of the contract which is alleged to have been procured by fraud, the lessor could bind the lessee in such manner that lessee would be bound by the fraud of the lessor would be against the fundamental principles of law, equity, good morals, public policy and fair dealing. It is well settled that a party can not contract against liability for his own fraud. See 75 A.L.R. 1075, Granlund v. Saraf, 103 Mass. 56, 160 N. E. 408; Wilcox v. Howell, 44 N. Y. 398, to 402; Bridger v. Goldsmith, 143 N. Y. 424, 427 to 429. See also 21 C. J. 1101; Stokes v. Victory Land Co., 99 Fla. 795, 128 Sou. 408; Braxton v. Liddon, 49 Fla. 208, 38 Sou. 717. We do not mean by this however, to hold that a contract may not be made incontestable by the terms thereof on the

ground of fraud. We recognize the rule to be that fraud in the procurement of a contract is ground for rescission and cancellation of any contract unless for consideration or expediency the parties agree that the contract may not be cancelled or rescinded for such cause, and that by such special provisions of a contract it may be made incontestable on account of fraud, or for any other reason. See Isom v. Equitable Life Assurance Society, etc., 138 Fla. 260, 189 Sou. 253, 22 C. J. 1215; Distributors Investment Co. v. Paton, 130 Tex. 449, 110 S. W. (2nd) 47. The clause of the contract here relied on does not stipulate that the lease may not be rescinded for fraud, but it does stipulate "and that no verbal agreements, stipulations, representations, exceptions or conditions whatsoever have been made or entered into in regard to the above described property which will in any way vary, contradict or impair the validity of this lease, or of any of the terms and conditions herein contained." This provision in the contract does not make the contract incontestable because of fraud, but evidences an agreement between the parties that no fraud had been committed. We think there is clearly a distinction in the effect of a stipulation of a contract which recognizes that fraud may have been committed and stipulates that such fraud, if found to have been committed, should not vitiate the contract, and one in which the parties merely stipulate that no fraud has been committed and that neither party has relied upon the representations of the other party made prior to the execution of the contract. So the bill is not entirely without equity but we do not find that the bill contains sufficient allegations constituting offers to do equity. It would be inequitable to allow

the plaintiff to retain possession of valuable property and enjoy the rents, issues and profits thereof pending what may be long litigation without offering any security to the lessor for his rentals, or so much thereof as he may be found entitled to receive.

It, therefore, follows that the circuit court was without error in its order dismissing the bill of complaint with leave to amend.

Appellees rely upon our opinion and judgment in the case of Cassara v. Bowman, 136 Fla. 302, 186 Sou. 514. We think the factual conditions differentiate this case from the Cassara case. The allegations of the two bills of complaint are entirely different as to the nature of the representations alleged to have been false.

There are numerous ways in which the lessee may secure the lessor in the rentals which have accrued and which may accrue pending litigation. All rights of the parties may be settled in this suit and, therefore, the landlord and tenant action should be abated pending this suit and the plaintiff should be required to secure the defendant not only for the amount of the rentals in which plaintiff is in default but also as to all amounts of rentals which may accrue pending the litigation and at the same time in such manner as to protect the plaintiff in the event of final decree in its favor.

For the reasons stated, certiorari is granted and quashed with directions that the cause be remanded to the lower court for further procedings not inconsistent with the views herein expressed.

So ordered.

Brown, C. J., Whitfield and Adams, J. J., concur.