169 So.2d 43 (1964)
Ruth E. BEAGLE, Appellant,
v.
May Paris BAGWELL, Appellee.
No. F-336.
District Court of Appeal of Florida. First District.
November 17, 1964.
Rehearing Denied December 14, 1964.
*44 Maurice Wagner, Holly Hill, and Richard D. Bertone, Daytona Beach, for appellant.
Coxe & Stephens, St. Augustine, for appellee.
WIGGINTON, Judge.
Plaintiff has appealed a final judgment entered by the trial court dismissing with prejudice her amended complaint for failure to state a cause of action. By her appeal she contends that the facts alleged in her amended complaint are sufficient to state a cause of action against the defendant, and that the court erred in dismissing it.
The complaint alleges that the defendant was the owner of a residence in St. Augustine which she desired to sell; that preliminary to offering the property for sale to plaintiff, defendant caused the residence to be inspected for termites by a local exterminating company and was informed that the building was almost totally destroyed by wood infesting organisms commonly known as termites; that for the purpose of accomplishing the sale of the property to an unknowing purchaser defendant employed a carpenter to patch and cover up the deterioration in the building which had occurred from the infestation of termites in the roof, siding, studding, sheathing and understructure of the porch and main building; that well knowing the true condition of the building defendant offered it for sale to plaintiff upon the positive representation that the dwelling was sound and in an excellent condition free from termites or other wood infesting organisms, which representations were known by the defendant to be false and fraudulent and made for the sole purpose of inducing plaintiff to purchase the property; that a reasonable and ordinary inspection of the house by the plaintiff prior to her purchase of it failed to reveal the damage caused by the infestation of termites because of its concealment from ordinary inspection by the fraudulent and deceitful acts of the defendant; that in reliance upon defendant's representation that the structure of the house was in good sound condition and free from termites or termite damage, and based upon *45 her own reasonable and ordinary inspection of the property, plaintiff purchased it from defendant and went into possession thereof; that shortly after occupying the premises plaintiff discovered that the floors of the building were giving way under stress and strain of normal use, and holes appeared in the walls, whereupon plaintiff caused an inspection to be made of the house by a contractor and professional exterminator; that as a result of such inspections it was found that the house was in a complete state of dilapidation and subject to collapse from ordinary use; that the concealed termite damage existing at the time of the sale to plaintiff was revealed by removal of veneer siding and the flooring; that plaintiff would not have purchased the property from defendant had she known of its true condition and that as a result of the fraud and deceit practiced by defendant upon plaintiff, the latter has suffered damages for which judgment is prayed.
At the outset it should be borne in mind that we are not here concerned with the sufficiency of a complaint in equity to state a cause of action for rescission or cancellation of a deed, therefore, the rules of law applicable to that type of action are not conclusive. We are here concerned with an action at law to recover a money judgment for damages suffered by plaintiff as a result of fraud and deceit practiced upon her by defendant. Generally speaking, it has been held to be the law of Florida that to state a cause of action for damages resulting from the fraudulent acts of another, the complaint must allege the representation claimed to be fraudulent; that it was known by defendant to be fraudulent at the time it was made to plaintiff; that it was made for the purpose of inducing plaintiff to act in reliance thereon; that plaintiff did act in reliance on the correctness of the false or fraudulent representation made by defendant, as a result of which plaintiff suffered damage.[1]
It is a generally accepted rule of law in Florida that under any standard of conduct, and in the absence of accompanying actual deception, artifice, or misconduct, where the means of knowledge are at hand and are equally available to both parties, and the subject matter is equally open to their inspection, if one of them does not avail himself of those means and opportunities, he will not be heard to say that he was deceived by the other's misrepresentations.[2]
In Davis v. Dunn,[3] the defendant seller represented to the plaintiff prospective purchaser that the house being offered for sale was sound and free of termite damage or infestation. Plaintiff had ample opportunity to inspect the house for termite damage, or to have an inspection made by an exterminating company on his behalf. Instead of doing either, plaintiff relied on the representation of defendant with regard to the house being free from termites or termite damage. After purchasing the house it was found that it was infested with termites and had suffered considerable damage therefrom. The purchaser brought suit seeking rescission and cancellation of the deed and return of his purchase money. In denying the purchaser relief the Supreme Court said:
"* * * [P]laintiffs-appellants had a full and ample opportunity to inspect the premises for termites or to have obtained the inspection services of an expert in this field prior to accepting the deed, paying $7,000 in cash, and giving back a purchase money mortgage on the property for $7,000. We find nothing in the evidence to the *46 effect that the plaintiffs-appellants were denied the right and privilege by the defendants-appellees to make an inspection of the property for termites in any manner desirable, but they elected not so to do and accepted as true the statements of the broker of the owner that the property was not infested with termites."
The case sub judice as alleged in the amended complaint is distinguishable from Davis v. Dunn, supra, in that here plaintiff allegedly made a reasonable and ordinary inspection of the property for termite damage or infestation, and did not rely wholly upon the fraudulent representations of defendant that the house was free from such defects. The complaint alleges that because of the actual deception, artifice, and misconduct on the part of defendant, the evidence of termite infestation and damage was concealed in such way as to be incapable of detection from a reasonable and ordinary inspection of the house.
In the case of Ramel et ux. v. Chasebrook Construction Company[4] the plaintiff purchaser of a dwelling sued the seller for damages suffered as a result of fraudulent representations made to the plaintiff by the defendant at the time the former purchased the house in question. Plaintiff sought a money judgment for the damages suffered by him. In that case the evidence revealed that during the negotiations for the sale of the property defendants represented to the plaintiffs that the house under consideration was well constructed and well built. Several months after plaintiff purchased and commenced occupying the property, the pool and patio began pulling away from the house foundation; the walls of the house developed large cracks; the lower portion of the rear wall of the house developed an outside bulge, and portions of the foundation settled away from the house. The evidence further revealed that the patio and pool were located on a blanket of muck and at the time the house was under construction defendant had been advised by a construction engineer that piling should be installed to support the structure, which advice was ignored by the defendant builder; that it was because of the defendant's failure to install the piling that the patio and pool were settling and pulling away from the foundation of the house. The defendants were shown to have been land developers and contractors with knowledge of proper construction methods.
Defendants contended that they made no false representations to plaintiff regarding the house and that plaintiff was free to make his own inspection of the property before he purchased it. In holding that the plaintiff had proved a cause of action and was entitled to recover a judgment for his damages, the Second District Court of Appeal, speaking through Judge Allen, said:
"The defendants contend that no positive representations were made concerning the structural foundation of the house and pool; and that since plaintiffs inspected the property prior to the purchase they have no right now to complain. These contentions might well have some merit as to defects which were discernible upon a visual inspection. Smith v. Hollingsworth, 85 Fla. 431, 96 So. 394. It is well settled that where one claims that fraudulent representations have been made to him, he is charged with knowledge of all facts that he could have learned through diligent inquiry. Stokes v. Victory Land Co., 99 Fla. 795, 128 So. 408; 14 Fla.Jur. Fraud and Deceit, § 37. We are concerned, however, in the instant case, with facts regarding a defective foundation laid upon knee deep muck unsupported by piling or other appropriate structural reinforcement. It should be noted that a statement of a party having exclusive or superior knowledge may be regarded *47 as a statement of fact although it would be considered as opinion if the parties were dealing on equal terms. See cases cited at 14 Fla.Jur., Fraud and Deceit, §§ 14, 28; 10 F.L.P., Fraud and Deceit, § 3; 56 A.L.R. 429. The defect in the instant case was buried below the surface of the land and was not apparently visible or discoverable without excavation of the property. Failure to learn of such defect in such a situation certainly should not be fatal to recovery for misrepresenting that the house was `well constructed.' See cases collected in an Annotation entitled: `Fraud predicated upon vendor's misrepresentation of physical condition of real property,' 174 A.L.R. 1010, 1033, et seq."
Upon consideration of the foregoing, we are of the view that the complaint filed by appellant in this case sufficiently states a cause of action entitling her to the opportunity of proving the allegations of her complaint in a trial before a jury. The judgment appealed is accordingly reversed and the cause remanded for further proceedings.
STURGIS, C.J., and RAWLS, J., concur.
NOTES
[1] 14 Fla.Jur.  Fraud and Deceit  §§ 66, 67, 68.
[2] Potakar v. Hurtak (Fla. 1955), 82 So.2d 502, 504.
[3] Davis et ux. v. Dunn et al., (Fla. 1952), 58 So.2d 539.
[4] Ramel et ux. v. Chasebrook Construction Company, Inc., et al. (Fla.App. 1961), 135 So.2d 876.