SPECTOR, Judge.
The plaintiff has appealed a final judgment entered by the trial court setting aside a jury verdict for $5,750 in an action for damages for fraud. This case has been before us on a prior occasion in an appeal relating to the sufficiency of the complaint. Beagle v. Bagwell, 169 So.2d 43 (1964).
This action resulted from the sale of a house in the City of St. Augustine by the appellee, Mrs. May Paris Bagwell, to the appellant, Mrs. Ruth E. Beagle. By her appeal, plaintiff contends that the trial court erred in entering the judgment notwithstanding the verdict because the evidence adduced at the trial was sufficient to sustain the jury’s verdict.
The appellant alleges in her amended complaint that shortly after her October 3, 1960, purchase she discovered the house to be in a complete state of destruction due to wood infesting organisms. The complaint contained the elements that are required in order to state a cause of action in an action for fraud and deceit, i. e., the false representation that the house was in excellent condition and free of termites, that the representation was known to be false because the appellee knew the house was infested by termites and was in a state of complete destruction, that the representation was made in order to induce the appellant to make the purchase, and that the appellant did purchase in reliance on the false representation. The complaint also alleged that prior to the sale, the defendant caused the house to be inspected for termites by an exterminating company, and that she was informed that it was almost totally destroyed by termites. It was alleged that for the purpose of making a sale, the appellee ordered “spot treatment” for the termite infestation and had a carpenter do patchwork in order to conceal the termite damage. Further, because of these fraudulent and deceitful acts of concealment, an ordinary and reasonable inspection failed to reveal the termite damage.
In Beagle v. Bagwell, 169 So.2d 43 (1964), we reviewed and reversed the trial court’s order that earlier dismissed the amended complaint here involved for failure to state a cause of action. In our opinion of reversal, we recognized the rule that was enunciated by our Supreme Court in Davis v. Dunn, 58 So.2d 539 (Fla.1952), to the effect that where a purchaser of a house has ample opportunity to inspect for termites or obtain an expert for that purpose and elects instead to accept as true the vendor’s statement that the property is not infested with termites, the purchaser could not assert that he had been misled by the vendor’s representations. Citing a later decision, Potakar v. Hurtak, 82 So.2d 502 (Fla.1955), as authority, Judge Wigginton in Beagle, supra, at page 45 of 169 So.2d, restated the rule in the following manner:
“It is a generally accepted rule of law in Florida that under any standard of conduct, and in the absence of accompanying actual deception, artifice, or misconduct, where the means of knowledge are at hand and are equally available to both parties, and the subject matter is equally open to their inspection, if one of them does not avail himself of those means and opportunities, he will not be heard to say that he was deceived by the other’s misrepresentations.”
However, though we recognized the above stated rule as to the purchaser’s duty to inspect, we also recognized that the complaint in the case at bar went further than the ordinary fraud and deceit case in that here it was alleged by the plaintiff that she actually did make an inspection of the property for termite damage or infestation and did not rely wholly upon the fraudulent representations of the defendant that the house was free from such defects. The complaint continues to further allege that *26 because of the actual deception on the part of the defendant, the evidence of infestation and damage was concealed in such a way as to be incapable of detection from a reasonable and ordinary inspection of the house. In essence, then, where a vendor by his actual deception, artifice, or misconduct conceals the evidence of a defective condition in such a way as to render it incapable of detection from a reasonable and ordinary inspection of the house, the vendor can no longer rely upon the purchaser’s duty to inspect because such conduct by the vendor serves to impair the purchaser’s opportunity to make a meaningful inspection. We have long ago departed from blind subservience to the common law rule of caveat emptor in circumstances where the vendor by his conduct stifles the purchaser’s opportunity to determine the quality of the goods he purchases.
In examining the evidence in light of the principles of law set out above, we do not disregard the rule that controls the trial court in the disposition of a motion to set aside a jury verdict and to direct a verdict for the movant. This rule requires that all evidence be considered in the light most favorable to the party against whom the directed verdict is asked and that any conflict in evidence be resolved in his favor. All conclusions and inferences that can be legitimately drawn are to be resolved against the movant. Kaufman v. Sweet et al. Corporation, 144 So.2d 515 (Fla.App.3d 1962).
The evidence, if any, that relates to proof of concealment of the termite destruction by actual deception, artifice, or misconduct must be found in the testimony .of the owner of the exterminating company who inspected and treated the house for termites and in the testimony of the carpenter who allegedly covered the termite destruction by patchwork. The testimony of the carpenter was an absolute denial that he had ever covered any termite damage and even though the exterminator testified that in 1958 he found termite infestation, he also testified that the damage done was negligible. He testified that he treated the house' and made periodic inspections until 1960 and no further infestation was discovered. He denied that he told the ap-pellee that the house was almost totally destroyed by termites.
The record being devoid of other evidence . relating to concealment of termite destruction by deception, artifice, or misconduct or that it was placed beyond discovery by the concealment, we must conclude that the appellant has failed to show that she was excused from making a reasonable inspection as required by the rule referred to above and in the earlier appearance of this case before this court.
The only conflict in evidence is found in the testimony relating to the representation as to the condition of the house. The appellant testified that the appellee represented the house to be “sound as the Rock of Gibraltar” and that it had never been infested by termites, while the appellee testified that the representations were that the house was kept in good repair and that the 1958 infestation had been overcome. The appellant can find no comfort in our resolving this conflict in her favor once it is determined that she has failed to prove concealment of the termite destruction by actual deception on appellee’s part.
The only question remaining is whether the several personal inspections of the house made by the appellant can be regarded as reasonable inspection of an old home primarily constructed of wood. We think not. In Davis v. Dunn, 58 So.2d 539 (Fla.1952), the appellant, as in the case at hand, failed to obtain the services of an exterminator and chose to rely on the representation of the seller’s broker that the building was free of termites. The Florida Supreme Court refused relief to the buyer. The facts in the case before us clearly show that the appellant was not prevented from making any reasonable inspection she might have found necessary.
*27 We hold that the trial judge correctly-set aside the jury’s verdict and entered judgment in favor of the appellee. Although we held in Beagle v. Bagwell, supra, that the amended complaint herein did state a cause of action, our review of the evidence adduced at the trial held after our earlier decision convinces us that while a cause of action was pled in the complaint, the plaintiff failed to prove the case as alleged.
The judgment appealed is affirmed.
WIGGINTON, C. J., and CARROLL, DONALD K., J., concur.