279 So.2d 386 (1973)
Paul S. WALKER and Peggy S. Walker, His Wife, Appellants,
v.
Frank N. MEBANE, Appellee.
No. 72-865.
District Court of Appeal of Florida, Fourth District.
June 20, 1973.
*387 Stephen P. Kanar, of Fishback, Davis, Dominick & Simonet, Orlando, for appellants.
William C. Martin, III, of Akerman, Senterfitt, Eidson & Wharton, Orlando, for appellee.
PER CURIAM.
Appellants-plaintiffs, Paul S. Walker and Peggy S. Walker, appeal a summary final judgment entered in favor of appellee-defendant, Frank N. Mebane, in an action for damages for fraud in the sale of a house heavily damaged by termites. We reverse.
In October of 1968, while the Walkers were being shown Mebane's house, which house they subsequently purchased, Mebane represented to the Walkers that the house was in perfect condition and that termites were no problem as the house had been inspected. The house had, in fact, been heavily damaged by termites and the defendant had been informed of this fact by a report made by the Orkin Exterminating Company in February 1962. In 1964 it also appears that defendant made minor repairs for termite damage to the exterior of the house. These repairs in 1964 were made at the time of installation of aluminum siding to the exterior of the house, which siding concealed all visible evidence of termite damage to the exterior of the house.
It further appears that plaintiffs were not denied access to the house and had they wished, they could have inspected the underneath side of the house where termite damage was readily visible from an inspection.
Based on these facts, the trial court entered a summary final judgment in favor of defendant, determining as a matter of law that plaintiffs had a duty to inspect the underneath side of the house for termite damage, and having failed to do so cannot be heard to complain, citing Davis v. Dunn, 58 So.2d 539 (Fla. 1952) as the support for its decision. Hence this appeal.
As a general rule, a vendee has no right to rely on the statements of a vendor where there is no accompanying actual deception, artifice, or misconduct, when the means of knowledge are equally available to both parties and the subject matter is equally open to their inspection. Potakar v. Hurtak, 82 So.2d 502 (Fla. 1955); accord, Beagle v. Bagwell, 215 So.2d 24 (Fla.App. 1968). Thus, a person is not entitled to rely upon a vendor's statements if a reasonable inspection would have revealed or disclosed the falsity of the statements. Davis v. Dunn, supra; Hirschman v. Hodges, O'Hara & Russell Co., 59 Fla. 517, 51 So. 550 (1910). On the other hand, where one is fraudulently induced by, inter alia, a statement of opinion, to refrain from making an independent investigation, the fact that the vendee or representee could have ascertained the *388 falsity of the representation by making a reasonable inspection is immaterial. Stackpole v. Hancock, 40 Fla. 362, 24 So. 914 (1898). And where a vendor by his actual deception, artifice, or misconduct conceals the evidence of a defective condition in such a way as to render it incapable of detection from a reasonable and ordinary inspection of the house, the vendee may recover notwithstanding his failure to undertake a reasonable inspection. Beagle v. Bagwell, supra.
The above general rules have been applied in three Florida cases discussing fraud in the sale of a termite-infested and/or damaged house: Davis v. Dunn, supra; Beagle v. Bagwell, 169 So.2d 43 (Fla.App. 1964) (on appeal from order dismissing complaint for failure to state cause of action); and Beagle v. Bagwell, 215 So.2d 24 (Fla.App. 1968) (on appeal from final judgment granting defendant a judgment n.o.v.).
In Davis, the Florida Supreme Court determined that the vendee was not entitled to rescission of the sale contract on the basis of innocent misrepresentations that there were no termites in the house and that the house was solid and sound where (1) the vendee was free to make such inspection as he saw fit and could have hired an expert to make an inspection; (2) the house was wood and 28 years old; (3) the transaction was at arms-length; and (4) the vendee had been told to be on the "look-out" for termites.
In the Beagle decisions, the court first determined that plaintiff's complaint in which it was alleged, inter alia, that the plaintiff undertook a reasonable inspection of the premises, stated a cause of action. In the second appearance of Beagle, the court determined that the trial judge correctly ruled that plaintiff adduced no evidence showing that termite damage had been concealed by the defendant; therefore, notwithstanding the fact that the defendant misrepresented the condition of the premises, the plaintiff was not entitled to rely thereon as plaintiff was under a duty to make his own inspection, and that the several personal inspections[1] of the old wood house were insufficient. The appellate court also strongly intimated that a professional exterminator should have been employed to inspect the house. The court, however, further recognized and reaffirmed the rule previously set forth in the first appearance of Beagle that
"... where a vendor by his actual deception, artifice, or misconduct conceals the evidence of a defective condition in such a way as to render it incapable of detection from a reasonable and ordinary inspection of the house, the vendor can no longer rely upon the purchaser's duty to inspect because such conduct by the vendor serves to impair the purchaser's opportunity to make a meaningful inspection. We have long ago departed from blind subservience to the common law rule of caveat emptor in circumstances where the vendor by his conduct stifles the purchaser's opportunity to determine the quality of the goods he purchases." Beagle v. Bagwell, 215 So.2d at 26.
Under the law set forth and quoted above, we believe that the trial court erred in entering summary final judgment in favor of the vendor, as there are genuine issues of material fact: First, whether the vendor by actual deception or misconduct concealed the damage so as to render the damage incapable of detection from a reasonable and ordinary inspection by either (1) concealing the outside entrance to the crawl space beneath the house by covering it with aluminum siding and by concealing the inside entrance to the crawl space;[2] *389 or (2) by the installation of the aluminum siding and by "patchwork" repairs to the damage. Second, whether a reasonable inspection by the vendee would require his crawling in this crawl space[3] beneath the house to inspect for termite damage.[4] Third, whether the statements made by the vendor that the house was in perfect condition were fraudulently made to induce, and did induce, the vendees to refrain from making a reasonable inspection.
Accordingly, genuine issues as to material facts existing, the summary final judgment is reversed, and the cause remanded for further proceedings consistent with the views expressed herein.
Reversed and remanded.
CROSS, OWEN and MAGER, JJ., concur.
NOTES
[1] The court does not describe the manner or the extent of the inspections that were conducted.
[2] While defendant did show that plaintiffs could have inspected the underneath side of the house had they asked, there has been no showing by the defendant that plaintiffs knew or should have known of the crawl space, much less the inside entrance to the crawl space.
[3] There is testimony in the record that an Orkin inspector was unable to gain access to the crawl space through the inside entrance thereto due to the narrowness of the entrance and the pipes beneath the house. Also, the plaintiff-vendee testified that since the purchase of the house Orkin inspectors continue to inspect the house for termites, and they have not gone underneath the house during these inspections.
[4] On the record presented to us, we need not reach the question of whether the vendor had a duty to disclose the damage. See Annot. 22 A.L.R.3d 912 (1968).