ANSTEAD, Judge.
This is an appeal from a final summary judgment denying a claim by the appellants, William F. B. Queenan and Deborah Ann Queenan, for damages resulting from alleged fraudulent misrepresentations made by the appellees, Michael Flynn and Caroline Flynn, in connection with the sale and purchase of a house. We reverse.
The Queenans purchased a house from the Flynns. After taking possession, the Queenans allegedly discovered numerous defective conditions in the supports, flooring, walls, and roof. They claimed that the Flynns intentionally misrepresented these conditions before the sale, and as a result the Queenans were prevented from detecting the defects.
The record reveals that the condition of the house was in dispute prior to the sale and that there were numerous inspections by the Queenans and their representatives. Based on this record and the case of Davis v. Dunn, 58 So.2d 539 (Fla.1952), the trial court granted the Flynns a summary judgment.
*687 In Davis, supra, the Supreme Court held that a purchaser is not entitled to rely on the representations of the seller where the means and opportunity to inspect the premises are equally available to both parties. In a later decision the First District recognized a necessary corollary to the Davis rule:
In essence, then, where a vendor by his actual deception, artifice, or misconduct conceals the evidence of a defective condition in such a way as to render it incapable of detection from a reasonable and ordinary inspection of the house, the vendor can no longer rely upon the purchaser’s duty to inspect because such conduct by the vendor serves to impair the purchaser’s opportunity to make a meaningful inspection.[1]
Here, the Queenans claim actual deception on the part of the Flynns and have made such claim under oath. The record shows little support for their claims reference the roof, walls, and supports. However, we cannot ignore their sworn assertions that Mr. Flynn intentionally concealed and made false representations about the condition of the floors to prevent an inspection thereof. Some of the floors had wall to wall carpeting. The Queenans claim they were told that all of the floors were hardwood and in good condition. After occupying the house and taking up the carpeting some floors were found to be concrete and in bad condition. We believe these sworn assertions are sufficient to create a genuine issue of material fact.
Accordingly, the final summary judgment is hereby reversed for further proceedings consistent herewith.
MAGER, C. J., and LETTS, J., concur.

. Beagle v. Bagwell, 215 So.2d 24, 26 (Fla. 1st DCA 1968).