361 So.2d 804 (1978)
ZUCKERMAN-VERNON CORP., Appellant,
v.
Harry M. ROSEN, As Mayor of the City of Miramar, a Municipal Corporation, Richard Calhoun, Jerome F. Pollock, Emil Morton As Trustee, Lottie Morton, Lawrence Morton As Trustee, Irma Morton; James Pace, Dixie Williams and City of Miramar, Appellees.
No. 76-1559.
District Court of Appeal of Florida, Fourth District.
August 9, 1978.
Rehearing Denied September 15, 1978.
*805 Joseph Teichman, Miami, for appellant.
Nancy Little Hoffmann of Druck, Grimmett, Norman, Weaver & Scherer, Fort Lauderdale, and Joe Easthope of Ferrero, Middlebrooks & Houston, Fort Lauderdale, for appellees Harry M. Rosen, Jerome F. Pollock, Richard Calhoun, and City of Miramar.
Marion E. Sibley of Sibley, Giblin, Levenson & Ward, Miami Beach, for appellees Emil Morton as Trustee, Lottie Morton, Lawrence Morton as Trustee, and Irma Morton.
MOUNTS, MARVIN U., Jr., Associate Judge.
This litigation is here for a decision on the propriety of the trial court's dismissal of the complaint with prejudice.
The appellant entered into a contract[1] to purchase acreage from appellee. Some two years after the closing the mortgage was foreclosed and the sellers took back the property less some six acres and kept the deposit which had been paid to them.
The appellant filed a four-count complaint naming as defendants the sellers, the brokers, both the present and former mayor of the City of Miramar, the City itself and the former city attorney individually.
The basic thrust of the complaint was to the effect that appellant was induced to close the contract by the fraudulent and deceitful misrepresentation that the acreage was properly zoned PUD. The allegations continue that because of the deliberate misrepresentations of the various appellees, the appellant was distracted and diverted from making further inquiry about the zoning.
Count One of the complaint was pled in tort and is an action for fraud and deceit. Counts Two, Three and Four sought restitution against the various defendants on a theory of unjust enrichment.
As it developed the PUD plan was not approved by the city and the appellant lost an anticipated profit, incidental damages on expenses and brokerage fees and deposits.
*806 In considering the complaint against a motion to dismiss, the trial court is not required to speculate as to what the true facts might be or what facts might ultimately be established at trial. Because it is the function of a motion to dismiss to raise a question of law as to the sufficiency of the facts alleged to state a cause of action and because the court is not permitted to go beyond the four corners of the complaint in testing its legal sufficiency, the issue of sufficiency of the evidence which the plaintiff may be able to produce at a hearing on the merits, is not material to the threshold decision on a motion to dismiss. Nantell v. Lim-Wick Construction Company, 228 So.2d 634 (Fla. 4th DCA 1969); Reed v. Sampson, 349 So.2d 684 (Fla. 4th DCA 1977).
In Count One it is alleged that the sellers and brokers made representations that the Miramar City Council had approved the PUD zoning of the property and that the 1971 "Sedel" PUD plan which allowed a density of 30 units per acre was likewise approved by the City of Miramar with no further approval of the City Council being necessary. The fact of the matter was that neither the '68 nor the '71 zoning plans had been approved by the city, which in turn did not approve the building permit or plat plan desired by the plaintiff.
As drawn, this complaint states a cause of action for the intentional tort of fraud and deceit as to the sellers and brokers. American International Land Corporation v. Hanna, 323 So.2d 567 (Fla. 1975); Nantell v. Lim-Wick Construction Company, supra.
The real estate purchase agreement provided that the closing of the transaction was subject to verification by the purchaser and that the purchaser would have until October 16th, 1972 to make its own investigation to verify statements of fact set forth in paragraph 13(a) through (f) of the contract. The contract then provided:
"If any of the facts stated in sub-paragraphs 13(a) through (f) above are not true then purchaser, at its election, may close this transaction thereby waiving and extinguishing any and all objection or claim that said statement of facts is not true; or the purchaser may give written objection to the seller as to which of said statements of fact are not true and what particulars the same are not true, and may rescind the transaction ab initio and procure the return of the deposit unto the purchaser from the seller, in which event this contract shall be at an end and neither party shall have any other or further obligation to the other by reason of the making of this contract.
In any event the provisions of this paragraph and the representations of fact herein made shall not survive or extend beyond closing."
It is our view that this complaint states a cause of action for an intentional tort and we feel that such exculpatory language, attempting to avoid liability for an intentional tort, is void. Fuentes v. Owen, 310 So.2d 458 (Fla. 3rd DCA 1975).
We do not believe that such a covenant of immunity prevents the plaintiffs from pursuing such an action founded on intentional tort. Oceanic Villas v. Godson, 148 Fla. 454, 4 So.2d 689 (1941). The distinction being made is that while a contract can by its terms be made incontestable on grounds of fraud, the principle still remains that a party cannot contract against liability for his own fraud in order to exempt him from liability for an intentional tort. Oceanic Villas v. Godson, supra.
We also feel that appellant's argument that it was diverted from making further inquiry into the zoning because of the appellee's representations of sophistication in zoning matters and assurances is sufficient to sustain the litigation at this stage because of the general proposition that where one is fraudulently induced to refrain from making an independent investigation the fact that he could have ascertained the falsity of the representation by making a reasonable inspection does not defeat the maintenance of his lawsuit. Walker v. Mebane, 279 So.2d 386 (Fla. 4th DCA 1973).
*807 With respect to the allegations against the former mayor of Miramar, the former city attorney of Miramar, the city engineer and the City of Miramar, it is asserted that these representatives of government owed a duty to the appellant which was distinct from that owed to the public in general not to misinform or mislead them concerning zoning status of the property. The distinction is made in Florida First National Bank v. City of Jacksonville, 310 So.2d 19 (Fla. 1st DCA 1975) between legislative and judicial functions and executive or administrative functions. We rely on that case for authority that a municipality may be held liable for the torts of its public officers who act in an executive as opposed to a legislative capacity. The allegations of the complaint are to the general effect that the representations complained of occurred as a result of the executive or administrative capacities of these officials and that they owed a duty distinct from that they owed to the public in general.
Count Two of the complaint is in contract and seeks a recission. Where one is induced to enter a contract to purchase real property by fraudulent misrepresentations of the vendor, he may sue the vendor in equity for recission. Hauser v. VanZile, 269 So.2d 396 (Fla. 4th DCA 1972).
The construction of the waiver provision of that contract is a question of law for the Court. This complaint contains the allegation that the appellant was fraudulently induced to forego making any independent examination. While the covenant of immunity may have provided immunity for representations made in the written contract, appellant does allege in his complaint that there were representations apart from those appearing in the contract itself, thus presenting an important factual question.
We hold that under the facts alleged in this complaint, it would have been for the jury or at the very least by a summary judgment procedure to determine whether the appellant should have made more exhaustive investigation under the circumstances presented. The Motions to Dismiss were improvidently granted with respect to all defendants except as to Harry M. Rosen who was named as a defendant solely by virtue of his then present position as mayor of Miramar. The judgments are reversed and this cause remanded for further proceedings. The judgment as to appellee, Harry M. Rosen, is affirmed.
AFFIRMED IN PART, REVERSED IN PART.
DOWNEY, C.J., and LETTS, J., concur.
NOTES
[1] Dated 1972.