SHIVERS, Judge.
Appellants seek review of the trial court’s Order dismissing their Second Amended Complaint with prejudice. Appellants will be referred to as plaintiffs and appellee will be referred to as defendant.
Plaintiffs brought suit against defendant seeking rescission of a contract for the purchase of real property in Nassau County, Florida, on the grounds of fraud and misrepresentation as to the character of the land, and for the recovery of all moneys paid by plaintiffs to defendant under that contract.
The Second Amended Complaint contains the following pertinent allegations:
“(4) On or about June 19, 1977, plaintiffs and defendant went on the real property together, with the object of ascertaining information bearing on the question of whether the subject real property was of a character suitable for purchase by the plaintiffs to be used as a site for their mobile home in which they would reside with their two (2) small children.
(5) In the course of the plaintiffs’ view of the property in the presence of the defendant on or about June 19, 1977, defendant made the following direct and positive statement of a material fact affecting the contemplated purchase: ‘The property is very dry and you will not have much of a water problem,’ or words to that effect.
(14) Defendant’s representation as to the character of the subject real property set forth in Paragraph 5 above were and are false and fraudulent and when defendant made those representations on or about June 19, 1977, defendant well knew those *1174 representations to be false and fraudulent because the two lots which comprise the subject real property are both of a large tract of land subdivided and sold by the defendant to numerous parties; defendant had inspected the property on numerous occasions and had seen the drainage patterns and the standing water during previous years; and defendant had received complaints from purchasers of other tracts in his subdivision regarding the water problem they were having, said water problems being identical to those of the plaintiff. At the time defendant made the representations set forth in paragraph 5 above, defendant fully intended that the plaintiff should accept and believe his representations and to act in reliance thereon.
(15) Plaintiffs had a right to rely upon the false and fraudulent representations made by the defendant made on or about June 19, 1977, in that:
(a) During plaintiffs’ view of the property in the presence of the defendant on or about June 19, 1977, the property was on that date, in fact, dry and to all appearances suitable for the location of their family home;
(b) On the date of said view, the brush and grass on the property surrounding the subject property was overgrown and had concealed evidence of dampness and the local drainage pattern;
(c) The representations made by the defendant contained no hint of suggestion that further inquiry as to the dryness of the subject property would be prudent; and
(d) Defendant encouraged and persuaded plaintiffs to execute the written contract for the purchase of the subject property on the same day as the view, therefore, preventing the plaintiffs taking further investigatory action.”
Defendant moved to dismiss the Second Amended Complaint on the grounds that same fails to state the cause of action in that same fails to allege that plaintiffs had a right to rely on the alleged representation of defendant.
“. . . Generally speaking, it has been held to be the law of Florida that to state a cause of action for damages resulting from the fraudulent acts of another, the Complaint must allege the representation claimed to be fraudulent; that it was known by defendant to be fraudulent at the time it was made to plaintiff; that it was made for the purpose of inducing plaintiff to act in reliance thereon; that plaintiff did act in reliance on the correctness of the false or fraudulent representation made by defendant, as a result of which plaintiff suffered damage.” Beagle v. Bagwell, 169 So.2d 43, 45 (Fla. 1st DCA 1964).
One to whom a positive, distinct, and definite representation has been made need not make further inquiry concerning particular facts involved and he is entitled to rely on such representation. Board of Public Instruction of Dade County v. Everett W. Martin & Son, Inc., 97 So.2d 21 (Fla.1957).
The plaintiffs will be required to show that their reliance upon defendant's statement was justified and that their failure to discover the existence of the drainage problem was reasonable in light of the existing circumstances. Butts v. Dragstrem, 349 So.2d 1205 (Fla. 1st DCA 1977); Beagle v. Bagwell, 215 So.2d 24 (Fla. 1st DCA 1968); Board of Public Instruction of Dade County v. Everett W. Martin & Son, Inc., supra.
The pleadings allege that plaintiffs visited the property during a dry spell and were unable to discover the drainage problem by visual inspection. The record does not reveal what steps, if any, the plaintiffs could have taken to discover that the property had a drainage problem.
We conclude that the allegations of the Second Amended Complaint, which must be accepted as true in the face of a motion to dismiss, are sufficient to withstand a Motion to Dismiss and that it was error for the Trial Court to dismiss with prejudice the Second Amended Complaint in the absence of evidence showing how the plaintiffs could have discovered the drainage problem *1175 by using reasonable efforts. At the trial, the defendant will have the right to present evidence that plaintiffs acted unreasonably by relying on defendant’s statements without further investigation.
The Order dismissing the Second Amended Complaint with prejudice is therefore REVERSED and the cause remanded for further proceedings.
MILLS, C. J., concurs.
ROBERT P. SMITH, Jr., J., dissents.